ALFRED P. MOREWOOD vs. CHARLES T. WAKEFIELD.

Berkshire.   Sept. 12. — 29, 1882.   ENDICOTT, LORD & FIELD, JJ., absent.

By the St. of 1867, c. 130, all dogs are required to be licensed and to wear a collar; and a penalty is imposed on any person keeping a dog contrary to the provisions of the act. By § 7, mayors of cities and the chairman of selectmen of towns are required annually, within ten days from July 1, to issue a warrant to one or more police officers or constables, directing them to forthwith kill or cause to be killed all dogs not licensed and collared according to the provisions of this act, and to enter complaint against the owners or keepers thereof; "and any person may, and every police officer or constable shall, kill or cause to be killed all such dogs, whenever or wherever found." *Held*, that the last clause authorizes any person to kill a dog which is licensed, but has no collar on, provided he can do so without committing a trespass, although such killing is before July 1, and no warrant for the killing has been issued.

TORT for the shooting by the defendant of the plaintiff's dog. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's dog was duly licensed, was not dangerous or mischievous, and was not guilty of any of the acts mentioned in the Gen. Sts. *c.* 88, § 60, but his head was so small and tapered from the neck so greatly that no collar would stay upon his neck. On June 14, 1881, the dog, without any collar on, while passing the residence of the defendant, was attacked by a dog belonging to the father of the defendant and severely injured, and was shot and killed by the defendant, without the knowledge and against the will of the plaintiff.

The defendant justified the killing under the provisions of the St. of 1867, *c.* 130, § 7, by which he contended that any person may kill all dogs, whenever and wherever found, not wearing a collar and being off from the premises of such dog's owner, and not under the care of his owner or keeper.

The plaintiff contended that the statute did not authorize or justify the killing, against the owner's will, of a dog not dangerous or mischievous, nor guilty of any of the acts mentioned in the Gen. Sts. *c.* 88, § 60, and which was licensed and without a collar, until the warrant mentioned in the St. of 1867, *c.* 120, §§ 7, 8, 9, had been issued; and that the right then to kill existed only from the issue of the warrant in July until its return in October of the same year; and asked the judge so to rule.

But the judge declined so to do, and ruled that any person was justified in killing a dog without a collar upon the highway, whenever and wherever found; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

*E. M. Wood*, for the defendant.

C. ALLEN, J. The question in the present case comes down to this: whether the provision in the St. of 1867, *c.* 130, § 7, that " any person may, and every police officer and constable shall, kill or cause to be killed all such dogs, whenever or wherever found," means all dogs not licensed and collared according to law, or all dogs which have been ordered to be killed by the warrant which is to be issued within ten days from the first day of July, for the killing of unlicensed and uncollared dogs. By earlier sections of the same statute, licenses for dogs may be obtained before the 30th day of April, as well as at any time thereafter; and every dog must at all times have both license and collar, or its owner or keeper is liable to a penalty. §§ 1, 2, 5. Then follow other provisions designed to secure a more full observance of the requirements as to licenses and collars. The assessors are annually to take a list of dogs owned or kept on the first day of May, and return the same to the town clerk on or before the first day of July; and within ten days after the first day of July, the warrant is to issue to one or more police officers or constables, directing them to kill all dogs not licensed and collared, and to enter complaint against the owners or keepers thereof; after which comes the special provision above quoted. It has heretofore been held that the warrant need not specifically designate the dogs to be killed, and that a warrant is sufficient which orders the kill-·ing of all dogs within the town, not duly licensed and collared. *Blair* v. *Forehand*, 100 Mass. 136. No previous and formal adjudication is necessary. This legislation, like that which authorizes the destruction of horses and cattle infected with, or exposed to infection by, a contagious disease, is justifiable as an exercise of necessary police power. This doctrine is not controverted. But the argument is pressed upon us, that no extension should be given by construction to the provisions which confer so large a power; that dogs are now a valuable species of property; that their education or training is now carried so far, that they are no

longer to be regarded in the same light as formerly; that they often are not only of much pecuniary value, but are objects of special affection; and that, in short, they should now be entitled to the same protection as horses and other valuable domestic animals. We are not insensible to the force of these considerations. Our duty, however, on the present occasion, is limited to the interpretation of the statute; and a careful examination of all its provisions has led us to the conclusion that the purpose of the Legislature was broader than that which is insisted on by the plaintiff. The true meaning of the statute is, that any person may kill an unlicensed or an uncollared dog, whenever or wherever found, at any time of the year, provided he can do so without a trespass; that every police officer and constable shall kill or cause to be killed all such dogs, whenever or wherever found; and that, within ten days from the first of July, a warrant shall be issued to one or more police officers or constables, directing them to proceed forthwith to kill or cause to be killed all such dogs, and to enter complaint against the owners or keepers thereof; that is to say, it is made the special duty of the officers to whom the warrant is issued to look for and find and destroy all such dogs, and also to enter complaints. The statute is certainly rigorous; but it is only necessary to observe its requirements as to a license and collar, and a dog will have the same legal protection as a horse or an ox.

*Exceptions overruled.*