## STATE *v.* ROYCE A. SMITH.

January Term, 1900.

Present: TAFT, C. J., ROWELL, MUNSON, THOMPSON, START and WATSON, JJ.

Opinion filed March 3, 1900.

*Keeping a dog without a license—Vicious dog*—To a prosecution for keeping a dog without a license, it is no defense that the dog is vicious and cannot be licensed. It being unlawful to keep a dog without a license, and also unlawful to procure a license for a vicious dog, it follows that a vicious dog cannot be kept at all.

*V. S. 4826* is not unconstitutional.

COMPLAINT under V. S. 4826, charging the respondent with keeping three dogs, more than eight weeks old, not registered, numbered, described and licensed according to law.

Franklin County, January Term, 1900, *Tyler* J., presiding. Verdict, guilty. Judgment on verdict. The respondent excepted.

*D. W. Steele*, State's Attorney, and *Emmett McFeeters* for the State.

*F. W. McGettrick* for the respondent.

ROWELL, J. The respondent is prosecuted for keeping three dogs without a license. He proved that the dogs were vicious, and claimed that that was a defense; but the court held otherwise, and he was convicted.

The statute provides that the owner or keeper of a dog more than eight weeks old, shall annually, on or before the first day of April, cause it to be registered, numbered, described, and licensed in the office of the clerk of the town wherein the dog is kept, and shall cause it to wear a collar, distinctly marked with the owner's name and its registered number; that if the owner or keeper of a dog that is vicious or has done damage, procures a license therefor, he shall be fined twenty dollars, and that the town clerk shall not license a dog known to be vicious or to have

done damage; that a person who keeps a dog contrary to the provisions thereof, shall be fined fifteen dollars. It further provides that the chairman of the selectmen shall annually, within such a time, issue a warrant to one or more police officers or constables, directing them to proceed forthwith to kill or cause to be killed all dogs within their respective towns not licensed and collared according to its provisions, and to enter a complaint against the owners or keepers thereof; and that any person may, and every police officer and constable shall, kill or cause to be killed such dogs whenever and wherever found.

It being unlawful to keep a dog without a license, and also unlawful to procure a license for a vicious dog, it follows that a vicious dog cannot be kept at all; and this is the manifest purpose and policy of the statute. It was, therefore, no answer for the respondent to say that his dogs were vicious and could not be licensed, for he was, nevertheless, keeping them without a license, which he had no right to do, as the prohibition of the statute is general.

It is claimed, however, that the statute is unconstitutional. But that question has been so often ruled the other way that it is hardly worth while to discuss it. *Sentell* v. *New Orleans, etc. R. R. Co.*, 166 U. S. 698.

*Judgment that there is no error, and that the respondent take nothing by his exceptions. Let sentence be imposed and execution thereof done.*