GEORGE H. MOORE *vs.* JAMES I. MILLS.

Middlesex. January 15, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Animal. Dog. Words,* "Collared."

Under R. L. c. 102, §§ 128, 143, no action lies for killing a dog which is licensed but has not its registered number on its collar, and it is immaterial that the owner of the dog supposed that a number marked on its collar was its registered number and that the person who killed the dog did not know that the number was wrong and killed the dog for another reason.

TORT for the alleged unlawful killing of a dog of the plaintiff. Writ dated March 27, 1905.

In the Superior Court the case was submitted on an agreed statement of facts and the court was authorized to draw inferences from the facts stated. The court ordered judgment for the defendant; and the plaintiff appealed.

The agreed facts were as follows:

On March 22, 1905, the plaintiff was the owner of a dog which on that day was killed by the defendant, who was a deputy commissioner on fisheries and game. The dog was duly licensed in the office of the clerk of the town of Ayer, in which town it was kept. Its registered number was eighty, and it wore around its neck at the time it was killed a collar distinctly marked "George H. Moore, Ayer, Mass. Lic. No. 54." The plaintiff previously had owned another dog, then dead, whose registered number was fifty-four, and upon procuring a license for the dog killed by the defendant he understood that it was to have the same registered number that his former dog had and put the collar which his former dog had worn upon this dog, acting throughout in good faith in getting the dog licensed.

The defendant knew that the dog belonged to the plaintiff and killed it because he thought that it was found chasing deer and for no other reason. He did not know that the number upon the dog's collar was not its registered number at the time he killed it and did not kill it for that reason. He

did not justify under the part of his answer which alleged that the dog was found chasing deer and was used for that purpose with the knowledge and consent of its owner or keeper, and that justification was abandoned. The value of the dog was $50.

*J. M. Maloney,* for the plaintiff.

*G. M. Poland,* for the defendant.

LATHROP, J. On the agreed facts in this case we are of opinion that the Superior Court was right in ordering judgment for the defendant. By the R. L. c. 102, § 143, any person may kill a dog which is not "licensed and collared" according to the provisions of the chapter. The meaning of the word "collared" is shown by § 128 of the same chapter, which provides for the licensing of a dog, three months old or over, and further provides as follows: "The owner or keeper of a licensed dog shall cause it to wear around its neck a collar distinctly marked with its owner's name and its registered number."

The dog which the defendant killed had on a collar with its owner's name, but its registered number was not upon it, and the defendant was by the terms of the law justified in killing it, if he could do so without committing a trespass. While the statute is rigorous, as has been said of other similar statutes, the law is clear and easily complied with. *Tower* v. *Tower,* 18 Pick. 262. *Morewood* v. *Wakefield,* 133 Mass. 240.

It is immaterial that the plaintiff acted in good faith, and understood that the dog was to have the same registered number as a dog of his that had died. Nor is it material that the defendant killed the dog for another reason than that on which he now relies.

*Judgment affirmed.*