CLARENCE M. McDERMENT *v.* WILLIAM O. TAFT.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 7, 1910.

*Dogs—Legislative Regulation—Police Power—Killing Dogs— Defences—Purpose—Collar.*

While dogs are recognized by the law as a species of property, they belong to that class of property the keeping of which may be stringently regulated by the Legislature in the exercise of its police power, even to the extent of providing for their summary destruction without judicial proceedings.

Because of P. S. 5623, providing that the owner or keeper of a dog shall cause it to be registered, numbered, described, and licensed, and to wear a collar distinctly marked with the name of the owner or keeper, and P. S. 5635, declaring that any person may kill dogs not licensed and collared, whenever and wherever found, defendant is not liable for shooting plaintiff's hounds, which he found attacking a wild deer, though the dogs were licensed and usually wore lawful collars, but when shot had no collars on,

as defendant then observed; plaintiff having removed the collars when he started the dogs to hunt foxes, in accordance with his custom.

Where defendant killed plaintiff's dogs, and was authorized to do so because they were not collared as required by P. S. 5635, defendant's motive in killing the dogs was immaterial.

TRESPASS AND CASE for shooting plaintiff's dogs. Plea, the general issue with notice. Trial by court on an agreed statement. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Darling & Wilson* for the defendant.

*Elwin L. Scott* and *R. M. Harvey* for the plaintiff.

POWERS, J. While dogs are recognized by the law as a species of property, and are frequently of great usefulness and value, they belong to that class of property the keeping of which may be stringently regulated by the Legislature in the exercise of its police power—even to the extent of providing for their destruction, in given circumstances, without judicial proceedings and in a most summary way. *Blair* v. *Forehand,* 100 Mass. 136, 97 Am. Dec. 82; *Morewood* v. *Wakefield,* 133 Mass. 240; *Morey* v. *Brown,* 42 N. H. 373; *Julienne* v. *Mayor etc. of Jackson,* 69 Miss. 34, 30 Am. St. Rep. 526; *Sentell* v. *New Orleans, etc. R. R. Co.,* 166 U. S. 698; *State* v. *Smith,* 72 Vt. 140.

Accordingly, our statute (P. S. 5623) provides that the owner or keeper of a dog shall cause it to be registered, numbered, described and licensed, and to wear a collar distinctly marked with the name of its owner or keeper, and (P. S. 5635) that "any person may, and every police officer and constable shall, kill or cause to be killed" dogs not so licensed and collared "whenever and wherever found."

These provisions afford a complete defence to this action. The defendant shot the plaintiff's hounds—killing one and wounding the other—which he found attacking a wild deer. The dogs were duly licensed and usually wore lawful collars, but when shot they did not have collars on—a fact which the defendant observed. The plaintiff had started out with them

to hunt foxes and had removed their collars, as was his custom when they were on the chase. By so doing, the plaintiff exposed them to the penalty provided for uncollared and therefore unprotected dogs. The provisions of the statute are drastic, but they are plain and positive, and the consequences of a noncompliance therewith are distinctly specified, and nothing short of a strict, if not literal compliance will suffice.

These views find sufficient support in the following cases, all of which were tort actions for killing dogs: *Morewood* v. *Wakefield, supra.* The Massachusetts statute required dogs to be licensed and collared, and provided that "any person may, and every police officer or constable shall, kill or cause to be killed all" dogs not licensed and collared "whenever and wherever found." The plaintiff's dog was duly licensed, but his neck was so large and his head so small that he could not wear a collar. While without a collar, he was shot and killed by the defendant. It was held that there could be no recovery.

*Moore* v. *Mills,* 191 Mass. 56, arose under the same statute. The plaintiff's dog was duly licensed and when killed by the defendant wore a collar with its owner's name distinctly marked thereon. But the number on the collar was not the dog's correct registered number—the requirement of the statute being that the owner should cause the dog to wear a collar marked with the owner's name and the dog's registered number. It was held that there could be no recovery, and a judgment ordered for the defendant was affirmed.

*Morey* v. *Brown, supra.* The statute of New Hampshire provided that no person should be liable for killing a dog found without a collar with its owner's name carved or engraved thereon. The plaintiff's dog, when killed by the defendant, wore a collar on which was engraved only the initials of the owner's name—"J. P. M." It was held that there was no liability.

It is argued that the defendant cannot justify under the statute, since the agreed statement shows that he shot the dogs to save the life of the deer. But the defendant's motive was immaterial. *Moore* v. *Mills, supra.*

*Judgment reversed and judgment for the defendant to recover his costs.*