## Florence Vosburgh v. Daniel Kimball, Jr.

[313 A.2d 395]

No. 129-72

Present: Barney, Smith, Keyser and Daley, JJ., and Billings, Supr. J.

Opinion Filed December 10, 1973

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*William C. Sennett, Esq.*, Bennington, for Defendant.

**Barney, J.** This matter has previously been before this Court. See *Vosburgh* v. *Kimball*, 130 Vt. 27, 285 A.2d 766 (1971). It is a civil action brought against the defendant, a constable, for killing two dogs belonging to the plaintiff.

The defendant claimed the protection of 20 V.S.A. § 3624, which provides:

A person may, and every police officer and constable shall humanely, kill or cause to be killed such dogs whenever and wherever found and shall bury or otherwise properly dispose of their remains. Such officers, other than those employed under regular pay, shall receive $2.00 for each dog so killed, from their respective towns. Bills for such services shall be approved by the selectmen or mayor of the town or city in which such dogs are killed, and paid from moneys received under the provisions of this subchapter.

The record of the original appeal, which was based on a directed verdict, disclosed a factual dispute as to whether or not the destroyed dogs were properly collared and tagged at the time they were killed. For this reason the matter was remanded for reference to a jury.

On retrial, the lower court refused to submit any other factual issues, and confined the consideration of the jury to the single question of whether or not the dogs were properly collared when taken by the defendant and destroyed. If their finding was that the dogs were not so collared, they were instructed to return a verdict for the defendant. A verdict for the defendant was, in fact, returned. All of this was duly objected to by the plaintiff.

The defendant took the view that his right to destroy uncollared dogs was absolute, since he was a constable, and the lower court tended to accept that as the law. The language of *McDerment* v. *Taft*, 83 Vt. 249, 250, 75 A. 276 (1910), speaks in terms of a complete defense. This case is still sound law for the issue with which it deals. The claim was made and rejected that the absence of a collar on a duly licensed dog did not bring the right to destroy into operation. As explained in *State* v. *Kelley*, 86 Vt. 237, 238, 84 A. 861 (1912), lack of a collar is justification for destroying a dog. The motive of the constable is immaterial. *McDerment* v. *Taft, supra,* 83 Vt. at 251.

This does not dispose of all of the issues raised in this case, however. The *McDerment* case characterizes the provisions of 20 V.S.A. § 3624 as both summary and drastic, as indeed they are, and calls for a "Strict, if not literal compli-

ance." Strict compliance is required, likewise, on the part of one seeking to justify his actions under so drastic an authority.

In 1951, years after the decisions in the cases already cited, the legislature made two significant changes in the former provisions of section 7613, Revision of 1947, now 20 V.S.A. § 3624. Both changes enlarged the duties of the person presuming to act under that statute. First, the amended statute required that the killing be "humanely" done, and second, required that person to "bury or otherwise properly dispose of their remains." As was pointed out in the previous case, *Vosburgh* v. *Kimball, supra,* 130 Vt. at 32, one who failed to comply strictly with his statutory authority became liable as no more than a wilful trespasser.

█ Thus, in justification of the destruction of the dogs, the defendant had not only to meet the claim that the dogs were collared, but also defend against the contention that the killing was inhumane and that the remains were not properly disposed of. The plaintiff raised both of these issues in her case, and, if they had evidentiary support, the jury should have been allowed to resolve them. *Vosburgh* v. *Kimball, supra,* 130 Vt. at 33.

█ There was evidence in the case indicating that the dogs were destroyed and thrown into a flooded cellar hole. One dog had been shot through the nose and the conditions of its toenails suggested attempts to claw its way out of the cellar hole before it either perished or was overborne by stones being placed on top of it to drown it. With such evidence properly before the jury, it was for them, as triers of the fact, to determine whether the defendant was entitled to the protection of the statute or could be recovered against as a wilful trespasser.

*Reversed and remanded.*