*H. W. Bragg*, for the petitioners.

*T. H. Sweetser & W. S. Gardner*, for the respondents.

---

## Henry P. Uhlein *vs.* William H. Cromack.

One who kept for the protection of his family a dog duly licensed and collared, and confined so as not to endanger persons properly on his messuage, may recover its market value as a watch dog, from a neighbor who killed it there without being attacked by it, although it was a dangerous animal and accustomed to bite those who came near it.

Tort for killing the plaintiff's dog. Trial, and verdict for the plaintiff with $65 damages, in the superior court, before *Putnam*, J., who allowed the following bill of exceptions:

" The plaintiff introduced evidence tending to show that he was the owner of a watch dog, which he had trained for the purpose, and kept on his messuage in Malden, to protect his family in his absence, he being required by the nature of his business to be absent several months each year; that he kept the dog chained, in the daytime, in a kennel in his yard, the length of the chain outside of the kennel being about ten feet and reaching to within about four feet of the path which led up to the principal entrance in the rear of his house; that he took the dog into the house at night; that the defendant entered on the plaintiff's premises, and shot the dog while thus chained; and that the dog was properly licensed and collared as the statute required.

" The defendant contended that he had a right to kill the dog, on the ground that it was a public nuisance, because it was a dangerous animal and accustomed to bite those who came near it · and that the plaintiff did not properly confine it ; and evidence was offered on this point, and that the dog had previously bitten two persons, one of whom, while going upon the plaintiff's premises, over a fence in the rear of the kennel, to do some work for the plaintiff's family, came past the dog, and the other of whom was attacked some months before, on the public highway. The defendant also introduced evidence tending to show that the locality in which the plaintiff lived was quiet, and comparatively free from persons likely to trespass on the plaintiff's premises. The judge ruled that these facts alone, if true, would not justify the defendant in killing the dog as he did, the statute specifying the method by which a dangerous dog might be killed, and the defendant not claiming to have acted under any authority conferred on him by the statute ; and so instructed the jury, to which the defendant excepted. The jury however, when they returned their verdict, at the request of the judge returned special findings, that the dog was a dangerous animal and accustomed to bite those who came near it, but that it was chained and confined so that all persons properly on the plaintiff's premises were in no danger from it.

" The defendant also contended that in law the dog was of no value, and so the jury could find no damages for the plaintiff ; and objected to the admission of evidence to show what the market value of the dog was. The judge allowed such evidence to be introduced, and instructed the jury that, if they found the dog to have a market value on account of its qualities as a watch dog, they were to give that value as damages to the plaintiff. To this the defendant excepted.

" The defendant further requested an instruction to the jury that, if they found the dog to be a dangerous dog and accustomed to bite mankind, and kept for protection, it was a dangerous instrument for protection, and the plaintiff, by placing it on his grounds for protection, could only be justified in cases where the placing of spring guns and concealed instruments might be justi-

fied to prevent a felony. The judge declined so to rule, but ruled that the plaintiff would have the right to keep the dog on the premises for the protection of his family, if he properly chained and confined it. To this the defendant excepted.

" The defendant finally requested the judge to instruct the jury that two instances of the dog's biting persons were sufficient to show that it was a dangerous animal and that its disposition was vicious. The judge declined so to rule, and left it for the jury to say, upon the whole evidence, and considering the circumstances under which the two persons were bitten, whether the dog was thus dangerous ; and the jury found specially that it was."

*J. W. Pettengill*, for the defendant.

*W. S. Stearns*, for the plaintiff, was not called upon.

CHAPMAN, C. J. By the common law, a dog is property, for an injury to which an action will lie. *Wright* v. *Ramscot*, 1 Saund. 84. 2 Bl. Com. 393. In this Commonwealth the keeping of dogs is regulated by the Gen. Sts. *c.* 88, §§ 52 *& seq.*, and the St. of 1867, *c.* 130. The plaintiff kept his dog restrained in conformity with the statutes. Although the dog was a dangerous animal, and accustomed to bite those who came near it, yet, as it was confined, so that all persons properly on the plaintiff's premises were in no danger from it, and was otherwise kept according to law, and the defendant had not been attacked by it, the jury were properly instructed that the act of the defendant was not justifiable. They were also properly instructed that the plaintiff had a right thus to keep it for the protection of his family. *Exceptions overruled.*