## John M. Heisrodt v. Christopher Hackett.

*Dogs going at large: License: Construction of statute.* The statute (*Laws 1873, p. 483*) authorizing any person to kill any dog going at large and not licensed and collared, as provided by the act, is not to be extended by construction.

*Dogs: Property: Value.* Dogs are property and have a value.

*Killing unlicensed dogs: Authority to persons: Killing by another dog: Statute construed.* The authority given by this law to persons, cannot by construction be so enlarged as to embrace animals also; the statute contemplates the exercise of some judgment by the person to determine before killing the dog whether it was properly licensed and collared, and can have no application and afford no protection to a case of killing by another dog.

*Dogs: License and collar: Collar lost: Reasonable time to replace it.* If the owner has complied with the provisions of the act by having his dog properly licensed and collared, and by accident the collar is lost, a reasonable time must be allowed him to discover that fact and to replace the lost collar.

*Submitted on briefs June 8. Decided June 13.*

Error to Saginaw Circuit.

*W. H. Sweet* and *Albert Trask,* for plaintiff in error.

*Thompson & Tarsney,* for defendant in error.

MARSTON, J:

The plaintiff, Heisrodt, brought an action to recover damages for the loss of a small but valuable dog, which had been killed by a large dog owned by, or in the possession of, the defendant.

The defendant claimed that the plaintiff's dog was not licensed and did not wear a collar, as required by the act of 1873, at the time he was killed.

Upon this branch of the case the court charged the jury as follows:

"1. By the law of 1873, then in force, the owner of dogs was required to have a license running from the 1st of April of each year to the 1st of April of the following year; and also to cause such dog to wear a collar around his neck

during the life of the license and no longer; and it is made lawful for any person, and also the duty of certain officers, to kill any and all dogs going at large and not licensed and collared according to the provisions of this act.

"2. If you find as a matter of fact that the plaintiff's dog was not licensed and was not collared within this law, the collar being marked with the name of the owner and number of the license, he could not recover the value of his dog, even if killed by the defendant's dog, provided his dog was running at large. He could not be considered as running at large if he was on his owner's premises. But if you find the plaintiff's dog was at large, outside the plaintiff's premises, plaintiff cannot recover, even if his dog was killed by the defendant's dog."

3. Plaintiff's counsel requested the court to charge the jury "that if they find the dog had been properly licensed and a proper collar had been placed upon his neck, and by accident the collar had been lost off of the dog's neck, and the plaintiff had no opportunity to replace it between the time of its loss and the killing of the dog, that the plaintiff was equally protected by the law as if the dog had the collar on." This was refused.

The requirements of the act of 1873 (*Laws of 1873, p. 483*) sufficiently appear in the charge of the court as given. The sixth section of that act is as follows:

"Any person may, and it shall be the duty of every police officer and constable of any township or city, to kill any and all dogs going at large and not licensed and collared according to the provisions of this act, and such officers shall be entitled to receive from the township or city treasury fifty cents for each dog so killed by them."

Defendant claimed protection under this section.

A statute under which a party is, in so summary a manner, to be deprived of his property, by having it destroyed, should not be extended by construction. That dogs have a value and are the property of their owner, cannot be well denied at the present day, whatever may have been the rule

HEISRODT *v.* HACKETT.

heretofore. And without questioning the power of the state to prescribe such regulations as may be deemed necessary and proper to prevent injury being done by them, yet we cannot say that where the legislature has authorized persons to kill dogs found running at large contrary to the act, the authority thus given to persons can by construction be so enlarged as to embrace animals also. The legislature, undoubtedly, in adopting this statute, contemplated that at least some judgment would be exercised by the person before killing the dog; that he would take some steps to ascertain whether the dog was licensed and collared before killing him, and if found not properly licensed and collared, then for that reason and that alone he should be killed. No such judgment or discretion could have been exercised in this case, nor can there be any pretense that the dog was killed because he was found running at large contrary to the provisions of the act. We think the court erred, therefore, in its second charge to the jury. The court also erred in refusing to charge as requested by plaintiff's counsel. If the plaintiff had complied with the provisions of the act by having his dog properly licensed and collared, and by accident the collar was lost, a reasonable time must have been allowed the plaintiff to discover that fact and replace it. There is so much justice and common sense in thus allowing the owner time to discover and replace the lost collar that no argument is required to demonstrate it.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.