JOSEPH F. CARRINGTON vs. WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.   October 4, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Animal. Way*, Public: trespasser. *Negligence*, In use of highway, Street railway.

A bull that is at large on a public highway without fault of its owner, although subject to being impounded by a field driver under R. L. c. 33, §§ 22, 23, is not a trespasser upon the highway in relation to a street railway corporation operating its cars thereon, and such a corporation owes to the owner of the bull the duty of not injuring or killing it negligently.

TORT for causing the death of a bull of the plaintiff by negligently running it down with a street railway car owned and operated by the defendant on September 30, 1909, in the town of Charlton on a road between the villages of Charlton and Southbridge.  Writ dated August 8, 1913.

In the Superior Court the case was tried before *Hall*, J.  At the close of the evidence the defendant asked the judge to make the rulings which are quoted in the opinion.  The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $38.19. The defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton, J. M. Thayer & F. H. Dewey*, for the defendant.
*F. B. Spellman*, for the plaintiff.

PIERCE, J.  By admission of facts and by not arguing to the contrary in his brief, the defendant in effect concedes that the jury were warranted in finding that the plaintiff was not negligent, that the defendant was negligent, and that the negligence solely caused the death of the bull; but, as the presiding judge instructed the jury that there was no evidence that the motorman was guilty of wantonly and recklessly running his car into the bull, it contends that the judge erred in refusing to rule: (1) That "Upon all the evidence the plaintiff cannot recover and the verdict must be for the defendant;" (2) that "Upon the evidence the bull which was killed was unlawfully on the highway even if

the plaintiff was guilty of no negligence in his escape to the highway;" (3) that "On the evidence in this case the defendant would not be liable for killing the bull unless its servant, the motorman, was guilty of reckless and wanton misconduct in running into and killing the bull;" and (4) that "There is no evidence that the motorman was guilty of reckless and wanton misconduct in running his car into the bull," because upon the evidence the plaintiff's bull was unlawfully upon the highway.·

Upon the uncontradicted testimony the bull was going at large in the highway not under the care of a keeper. This fact authorized the town's field driver to take it up, distrain it and forthwith impound it in the town pound. R. L. c. 33, §§ 22, 23. *Bruce* v. *White,* 4 Gray, 345.

While the bull was unlawfully upon the highway because there in violation of the statute, its presence thereon was not unlawful in the aspect of its relation to the correlative rights, duties and obligations of the defendant and of its owner. *O'Brien* v. *Hudner,* 182 Mass. 381. If it were a trespasser upon the highway in the degree in which the law gives a writ to the owner of the soil, it was not such toward the defendant in the exercise of its right to make use of its mere license to use the public way. The case of *Darling* v. *Boston & Albany Railroad,* 121 Mass. 118, was that of an actual trespass upon the land of the defendant following upon an unlawful entry upon the public way. That of *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, is governed by the peculiar provisions of St. 1903, c. 473, as amended by St. 1905, c. 311, and also by the "reasonable assumption that the Legislature intended to put these forbidden and dangerous machines outside the pale of travellers." *Holden* v. *McGillicuddy,* 215 Mass. 563, 565. We are of opinion that the statute, while it had as one of its purposes the protection of travellers, should not be so construed as to make an animal at large upon the public way without fault of its owner an outlaw. *Bruce* v. *White, supra. Leonard* v. *Doherty,* 174 Mass. 565. We are also of opinion that the measure of the plaintiff's rights and the defendant's duties is the common rule of due care. *O'Brien* v. *Hudner, supra.*

It follows that there is no reversible error, and the exceptions must be overruled.

*So ordered.*