FREDERICK J. LACKER *vs.* ALEXANDER STRAUSS.

Middlesex.    March 5, 1917. — May 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Dog. License. Trespass. Negligence,* Trespasser. *Motor Car. Way,* Public. *Maine.*

A dog is property, for a wrongful injury to which an action will lie.

Under the statutes of the State of Maine, which require the registering and licensing of dogs over four months of age, provide a penalty for failure to meet the requirement and empower municipal authorities to issue warrants for the killing of dogs not properly licensed, an unlicensed dog upon a highway is not a trespasser nor an outlaw.

The owner of an unlicensed dog, which was killed by being run into by a motor car upon a highway in the State of Maine and which, under the laws of Maine, was not a trespasser nor an outlaw upon the highway, may maintain an action of tort against one, the negligence of whose servant while acting within the scope of his authority was the cause of the dog's death.

TORT for the loss of a dog negligently run into and killed by the defendant's motor car on a public highway in the town of

Old Orchard in the State of Maine on September 12, 1914. Writ dated December 16, 1915.

The case was tried before *Stevens*, J. The bill of exceptions states that, in "view of the finding of the jury, the defendant concedes, for the purposes of this case, that there was evidence which would justify a finding of negligence on the part of the defendant's chauffeur, who was driving the automobile at the time of the accident, but claims there was no evidence to justify a finding and no contention was made by the plaintiff, that the chauffeur was guilty of wanton and reckless misconduct."

The plaintiff lived in Watertown in this Commonwealth and at the time the dog was killed had been in Maine for about two weeks on a vacation. The dog was not licensed either in Massachusetts or in Maine.

Sections 3, 6, 7 of c. 222 of the Pub. Laws of Maine of 1909 were in evidence. Section 3 provides in substance that every owner or keeper of a dog more than four months old on April 1 of each year shall within ten days thereafter cause it to be registered and licensed; and that any person who becomes an owner or keeper of a dog not already licensed after April 1 shall cause it to be registered and licensed within ten days after becoming such owner or keeper. Section 6 provides a penalty for failing to comply with § 3, and § 7 provides for the killing of unlicensed dogs upon a warrant issued by municipal authorities.*

At the close of the evidence the defendant asked that a verdict be ordered for him. The judge refused so to do. There was a verdict for the plaintiff in the sum of $450; and the defendant alleged exceptions.

*F. E. Dunbar,* (*A. C. Spalding* with him,) for the defendant.

*S. A. Fuller,* (*C. Toye* with him,) for the plaintiff.

PIERCE, J. By the common law a dog is property, for an injury to which an action will lie. *Wright* v. *Ramscot,* 1 Wms. Saund. 108. 2 Bl. Com. 393. *Chapman* v. *Decrow,* 93 Maine, 378. *Uhlein* v. *Cromack,* 109 Mass. 273. *Cummings* v. *Perham,* 1 Met. 555.

---

* The Massachusetts statute, R. L. c. 102, § 143, in this respect unamended, contains provisions differing from the Maine statute above described and provides that any person may and every police officer and constable shall cause dogs, which are unlicensed and uncollared according to the statutory requirements in Massachusetts, to be killed.

*State* v. *M'Duffie,* 34 N. H. 523. *St. Louis Southwestern Railway*
v. *Stanfield,* 63 Ark. 643. 4 Bl. Com. 235. "By the common
law, as well as by the law of most, if not all, the States, dogs
are so far recognized as property that an action will lie for their
conversion or injury." *Sentell* v. *New Orleans & Carrollton
Railroad,* 166 U. S. 698.

The defendant concedes his negligence but claims that liability
to respond in an action of tort for damages for injury to an un-
licensed dog arises only when the acts complained of are inten-
tional, wanton or reckless. This position is supported by the case
of *Jemison* v. *Southwestern Railroad,* 75 Ga. 444, now somewhat
weakened by *Columbus Railroad* v. *Woolfolk,* 128 Ga. 631, and by
*Dickerman* v. *Consolidated Railway,* 79 Conn. 427. The basis
of this last decision is that no person can have such property in
an unregistered dog as will enable him to maintain an action for
the negligent killing of the animal. The court refuses to decide
whether or not one might under any circumstances have a right
of action for a wilful killing of an unregistered dog, or for the
negligent killing of a registered dog. The Dickerman case and
the case at bar in their facts are alike only to the extent that an
unlicensed dog may be killed by an officer of the law under the
Maine statute, by virtue of a warrant — under the Connecticut
statute without a warrant. The general rule supported by the
weight of authority is that an owner of a dog, licensed or un-
licensed, may maintain an action for damages against any per-
son or corporation wilfully or negligently killing or injuring the
animal. *Louisville & Nashville Railroad* v. *Fitzpatrick,* 129 Ala.
322. *St. Louis Southwestern Railway* v. *Stanfield, ubi supra.*
*Smith* v. *St. Paul City Railway,* 79 Minn. 254. *Harper* v. *St. Paul
City Railway,* 99 Minn. 253. We are of opinion the general rule
should be followed as one sound in principle. The unlicensed
dog was not a trespasser and outlaw upon the public highway.
The case in this respect is governed by *Carrington* v. *Worcester
Consolidated Street Railway,* 222 Mass. 119.

It follows that the case was submitted to the jury rightly and
that the exceptions should be overruled.

*So ordered.*