ALTA M. BAER *vs.* PAULINE B. TYLER.

Hampden.     September 22, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Dog.  Statute,* Construction.

A dog, at common law, is property for injury to which an action will lie.
While the provisions of G. L. c. 140, § 151, that any person may kill or
cause to be killed a dog not "licensed and collared" as required by law
"whenever or wherever found," are constitutional, they are in deroga-
tion of the right of property and should be strictly construed.
An action under G. L. c. 140, § 155, for double damages resulting from the
plaintiff's dog being killed by the defendant's dog, was heard upon an
agreed statement of facts, in substance, that the plaintiff's dog was not
licensed; that while upon a public street, under the control of the plain-
tiff's agent, and held by a leash, it was attacked and killed by the
defendant's dog.  There was no evidence that either the plaintiff or
her agents, or that the defendant or her agents, were guilty of any
negligent act, and nothing to show the presence of the defendant at the
time and place of the attack, or that the attack was with the defendant's
knowledge or direction.  *Held,* that
    (1) The plaintiff's unlicensed dog was not an outlaw upon the public
highway;
    (2) The violation by the plaintiff of G. L. c. 140, § 137, requiring a
license, was not the cause of the injury but was merely a condition
attending it, and did not preclude the plaintiff from recovering unless
the defendant's act came within the terms of § 151;
    (3) The words of § 151, "cause to be killed," required, for a valid
defence to the action, some action or direction on the defendant's part
causing the killing of the plaintiff's unlicensed dog;
    (4) Neither presence of, knowledge by, nor participation by the
defendant in the attack on the plaintiff's dog were shown or to be in-
ferred from the facts agreed upon, and therefore the statute afforded
no protection to the defendant.

TORT, under G. L. c. 140, § 155, for loss of the plaintiff's
dog through an attack by the defendant's dog.  Writ dated
January 19, 1926.

In the Superior Court, the action was tried before *Burns,* J.
The record states the following:

"The plaintiff was the owner of an unlicensed dog.  On
January 10, 1926, the dog was being exercised by the father-
in-law of the plaintiff who was walking on the sidewalk of a

public street in Longmeadow, Massachusetts. The plaintiff's dog was on a leash and in the care and under the control of the plaintiff's father-in-law. The defendant's dog attacked the dog of the plaintiff causing injuries as a result of which it subsequently died. There was no evidence that either the plaintiff or her agents or that the defendant or her agents were guilty of any negligent act. The sole defence upon which the defendant relies is the fact that the dog of the plaintiff was unlicensed and uncollared as is provided for by law, at the time when said injuries occurred. And the question for determination is whether or not the defendant as owner or keeper of a dog damaging and killing the plaintiff's unlicensed and uncollared dog shall be liable under the statute in double the amount of damages caused by the defendant's dog."

The jury found for the plaintiff in the sum of $654. In the circumstances stated in the opinion, the judge set the verdict aside and ordered a verdict for the defendant, and reported the action to this court for determination.

The case was submitted on briefs.

*R. T. King,* for the plaintiff.

*G. F. Leary, G. D. Cummings, & C. V. Ryan, Jr.,* for the defendant.

CARROLL, J. This is an action of tort to recover damages because of the killing of the plaintiff's dog by the defendant's dog. The answer alleged that the plaintiff's dog was not duly licensed according to law. The jury assessed damages in the sum of $654. The judge reserved the right to set aside the verdict for the plaintiff, and after entering a verdict for the defendant, he reported the case to this court.

It was agreed that the plaintiff's dog was not licensed; that while upon a public street, under the control of the plaintiff's agent, and held by a leash, it was attacked and killed by the defendant's dog. The report states that the sole defence relied on was that the plaintiff's dog "was unlicensed and uncollared as is provided for by law, at the time when said injuries occurred."

At common law, there is no absolute property in a dog; the property right therein is a qualified one, *Blair* v. *Fore-*

*hand,* 100 Mass. 136, 140; but a dog, at common law, is property for an injury to which an action will lie. *Cummings* v. *Perham,* 1 Met. 555. *Uhlein* v. *Cromack,* 109 Mass. 273, 275. "The general rule supported by the weight of authority is that an owner of a dog, licensed or unlicensed, may maintain an action for damages against any person or corporation wilfully or negligently killing or injuring the animal." *Lacker* v. *Strauss,* 226 Mass. 579, 581.

Regulations are now to be found in the statutes concerning dogs; and by G. L. c. 140, § 151, any person may kill or cause to be killed a dog not "licensed and collared" as required by law "whenever or wherever found." This statute has been held to be constitutional. *Blair* v. *Forehand, supra. Morewood* v. *Wakefield,* 133 Mass. 240. This statute, relied on by the defendant, is in derogation of the right of property and should be strictly construed. *Commonwealth* v. *Beck,* 187 Mass. 15. See *Cummings* v. *Perham, supra; Heisrodt* v. *Hackett,* 34 Mich. 283.

In *Hagerstown* v. *Witmer,* 86 Md. 293, where an ordinance providing for the summary destruction of dogs running at large was under consideration, it was said at page 304 that an ordinance of this kind "should be construed liberally in favor of the owners of dogs . . . and it ought not to be extended beyond what is absolutely required by its terms." The Maine statute, giving the right to police officers or constables to kill unlicensed dogs, was held in *Lacker* v. *Strauss, supra,* not to be extended to a ·private person who negligently ran over and killed the plaintiff's unlicensed dog. See *Smith* v. *St. Paul City Railway,* 79 Minn. 254.

Under a Michigan statute permitting any person and requiring every officer to kill unlicensed or uncollared dogs, it was held, where the plaintiff's unlicensed dog was killed by the defendant's dog, that the statute afforded no justification to the defendant. *Heisrodt* v. *Hackett, supra.* In the course of that opinion this language was used: "We cannot say that where the Legislature has authorized persons to kill dogs found running at large contrary to the act, the authority thus given to persons can by construction be so enlarged as to embrace animals also. The Legislature, undoubtedly,

in adopting this statute, contemplated that at least some judgment would be exerised by the person before killing the dog; that he would take some steps to ascertain whether the dog was licensed and collared before killing him, and if found not properly licensed and collared, then for that reason and that alone he should be killed. No such judgment or discretion could have been exercised in this case, nor can there be any pretense that the dog was killed because he was found running at large contrary to the provisions of the act." The reasoning of this case is applicable to the case at bar and in our opinion should be followed. The plaintiff's unlicensed dog was not an outlaw upon the public highway. *Lacker* v. *Strauss, supra.* See *Carrington* v. *Worcester Consolidated Street Railway,* 222 Mass. 119. The plaintiff violated the law in neglecting to have her dog licensed, but this violation was not the cause of the injury, it was merely a condition. *Farr* v. *Whitney,* 260 Mass. 193, 196. See *Bourne* v. *Whitman,* 209 Mass. 155, 167. She would not be prevented from recovering unless the defendant acted within the terms of the statute.

The words of the statute, "cause to be killed," afford the defendant no protection. These words mean that the defendant by some act or direction caused the plaintiff's dog to be killed. The act was not caused by her within the meaning of these words giving her the right to cause the killing, merely because her dog did it, when it was done in her absence without her knowledge or direction. So far as appears she had no knowledge of the affair at the time it occurred. The language of the statute is not to be construed to mean that under the facts agreed to she "cause[d] [the plaintiff's dog] to be killed." She is liable because her dog killed the plaintiff's dog and the statute upon which she relies is not a defence.

According to the report, judgment is to be entered for the plaintiff in the sum of $654.

*So ordered.*