RAYMOND TEXEIRA *vs.* PAUL W. SUNDQUIST.

Barnstable.     October 3, 1933. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Proximate cause, Contributory. *Horse.* *Way,* Public: trespass. *Evidence,* Presumptions and burden of proof.

Evidence, that a motor vehicle, while proceeding on a public way at the rate of twenty-two miles an hour between 3 A.M. and 4 A.M. in a fog so heavy that its operator could see only seven feet ahead, struck and killed an unattended horse which the operator had not seen until it was six or seven feet away, warranted findings that the operator was negligent and that the killing of the horse was a proximate consequence of his negligence.

An unattended horse, when on a public way without negligence on the part of its owner, is not an outlaw or trespasser thereon to the extent that its owner is barred from recovery for injury to or the killing of the horse through negligence on the part of a traveller on the way.

At the trial of an action of tort against the operator of a motor vehicle for the killing of the plaintiff's horse upon a public way, the burden was on the defendant to prove that the horse was on the way through negligence of the plaintiff.

At the trial of the action above described, a finding that the plaintiff was negligent was not required where there was evidence that the horse broke out of an enclosure, in which it had been left by the plaintiff, by breaking through a wire fence four feet high and that never before had it escaped from that place, and there was no evidence that the plaintiff knew that the horse was on the way unattended.

TORT. Writ in the First District Court of Barnstable dated January 23, 1932.

The action was heard in the District Court by *Swift,* J. Material evidence and findings by the judge are stated in the opinion. He found for the plaintiff in the sum of $150. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*G. L. Wainwright,* for the defendant.

*N. M. Gediman,* for the plaintiff.

DONAHUE, J. The defendant was operating a motor vehicle on a State highway in Falmouth between the hours

of three and four o'clock on a foggy October morning at the rate of twenty-two miles an hour. The fog was so heavy that he could see only seven feet ahead of him. When opposite the home of the plaintiff he saw an unattended horse six or seven feet away coming toward him from his left. There was a collision and the horse, which belonged to the plaintiff, was killed. A judge of the District Court found the defendant negligent, assessed the damages of the plaintiff, and at the request of the defendant reported the case to the Appellate Division where the report was ordered dismissed.

Even though, as the defendant contends, he was not able in the fog to see the horse earlier and thus avoid hitting it, the finding that he was negligent was warranted. By reason of the speed at which he chose to operate his motor vehicle under such conditions as to visibility that no person, animal or object on the highway could be seen if more than seven feet ahead of him, the defendant could be found to have been lacking in the quantity and quality of care which the law required him then and there to furnish. *Woodman* v. *Powers,* 242 Mass. 219. *Commonwealth* v. *Arone,* 265 Mass. 128. *Arnold* v. *Colbert,* 273 Mass. 161. *Durling* v. *Lamontain,* 277 Mass. 517. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. *Sexton* v. *West Roxbury & Roslindale Street Railway,* 188 Mass. 139. Not only did the acts of the defendant in fact cause damage to the plaintiff but the evidence warranted the finding that the defendant was legally responsible for that damage. The trial judge could find that the defendant should have anticipated that harm or damage to some one, of the same general character as that suffered by the plaintiff, was a reasonable and probable consequence of his acts. It is of no materiality that the particular damage sustained by the plaintiff could not have been foreseen. *Ogden* v. *Aspinwall,* 220 Mass. 100, 103, and cases cited. *Sponatski's Case,* 220 Mass. 526, 530, 531. *Burnham* v. *Boston & Maine Railroad,* 227 Mass. 422, 426. *Perlman* v. *Burrows,* 270 Mass. 182.

A stray horse when upon a public highway without negligence on the part of its owner is not an outlaw nor, as against a traveller exercising a traveller's rights to use the highway, is such an animal a trespasser. The statutes dealing with

pounds and the impounding of certain domestic animals including horses impose no penalty upon the owner of such an animal which appears unattended on a highway, although its presence there is unlawful in the sense that it may be taken, placed in a pound and not delivered to its owner unless he pays the fees and expenses incident to its taking and impounding. G. L. (Ter. Ed.) c. 49, §§ 22–41. But as to travellers on the highway the mere presence there of such a stray animal is not unlawful in the sense that the right of the owner to recover for its injury or killing through the negligence of a traveller is thereby affected. In an action by the owner against a traveller for such an animal's injury or death through negligence "the measure of the plaintiff's rights and the defendant's duties is the common rule of due care." *Carrington* v. *Worcester Consolidated Street Railway*, 222 Mass. 119, 120. Compare *Lacker* v. *Strauss*, 226 Mass. 579; *Baer* v. *Tyler*, 261 Mass. 138, 141; *Janusis* v. *Long*, 284 Mass. 403.

The defendant had the burden of proving that the horse was on the highway because of negligence of the plaintiff. The trial judge found that the plaintiff was not negligent and the record before us justifies that finding. There was no evidence that the plaintiff turned his horse loose upon the highway or that he knew the animal was there unattended. It broke out of an enclosure where it had been left by the plaintiff. There was conflicting evidence as to the condition of the fence surrounding the premises where the horse was kept, but there was evidence from which the finding was warranted that it escaped by breaking through a wire fence four feet high and that it had never before escaped from that place. It cannot be held that the judge was obliged to find that the defendant had sustained the burden of proving that the horse was on the highway through the plaintiff's negligence.

By reason of what has heretofore been said, it is unnecessary to discuss in detail the defendant's requests. We find no reversible error in the judge's rulings thereon.

*Order dismissing report affirmed.*