Hibbard, P. J.
This is an action of tort in which the plaintiff seeks to recover the value of a dog which it is alleged was killed by the defendant while operating his automobile on a public way in the city of Worcester.
There was evidence for the plaintiff tending to show that he was walking on a public highway accompanied by his dog, on which highway there was no sidewalk hut a shoulder which was used by pedestrians in order to keep off the travelled part of the way; that the dog was walking about a foot in front of him and two or three feet at least off the road; that the defendant operating an automobile struck the dog and killed it; and further that the dog was not licensed.
There was evidence for the defendant that the dog rushed out in front of his car and although his speed was only approximately twenty miles per hour, he was unable to stop the ear before it struck the animal.
*384 The Trial Court filed a finding the material portions of which are as follows:
“I find that the Plaintiff was walking, in an easterly direction on the right hand side of Amherst St. on the grass part of the road used by pedestrians as a sidewalk, that the dog was accompanying him on his left side, close to him and slightly in front, that the dog was unleashed, collarless and not licensed, that the defendant came from behind him operating' an automobile and struck said dog killing him.
“I find that the dog was under the control of the plaintiff at the time of the accident, that the plaintiff was exercising due care in the control of his dog and that had the defendant exercised reasonable care and caution he could have seen the plaintiff and his dog ahead and could have, avoided the accident.
“I find that the defendant was negligent and that his negligent act caused plaintiff’s damage.
“I find for the Plaintiff in the sum of $100,”
The real issue in this action is set forth in the seventh request:
..“7.- .If at the time of the alleged accident the Plaintiff’s dog was not licensed and was bollarless in violation of the laws of this Commonwealth, then in that event, the Plaintiff'cannot recover for the death of the said dog.in this action.” Ruling, “Denied.”
The case of Lacker vs. Strauss, 226 Mass. 579 affirming the common law rule decided that a dog is property for a wrongful, injury to which an action will lie. In that case .the plaintiff ..lived in Watertown in this Commonwealth. The dog was killed by the defendant’s motor car on a public highway in Maine. The dog was not licensed either in Maine or in this Commonwealth. Pierce, J., writing the opinion, says:
“The general rule supported by the weighty of authority is that an owner of a dog licensed or unlicensed may maintain an action for damages against any per *385 son or corporation wilfully or negligently killing or injuring the animal ... We are of opinion the general rule should be followed as one sound in principle. The unlicensed dog was not a trespasser and outlaw upon the public highway. The case in this respect is governed by Carrington vs. Worcester Consolidated Street Railway, 222 Mass. 119.”
The decision in Baer vs. Tyler, 261 Mass. 138 follows the rule thus laid down.
There was no prejudicial error in the refusals to rule by the Trial Court. There was evidence to justify the finding that the defendant was negligent.
In the report as presented to us there is a failure to follow the form set forth in the Rules of the District Courts. On a page following the signature of the Special Justice who heard the case, which signature in effect established the report, there is a reference to certain evidence in the form of questions put to the plaintiff and to a witness by plaintiff’s counsel, which questions were objected to but allowed by the Trial Court. The defendant has no standing before us as to this matter of testimony as the report does not present the questions involved to this tribunal.