prejudicial only in that, if properly applied to the facts, the amount of the plaintiff's recovery is increased by the number of weeks between June 10, 1932 and July 25, 1932. The trial judge found, however, that the rate of the plaintiff's recovery is four dollars a week, and that the total amount due is $1,281. When that total is broken down arithmetically, it clearly appears that the judge applied the weekly rate of four dollars to those weeks only which are between the proper dates, July 25, 1932, and September 27, 1938. The denial of the requested ruling was error but nevertheless, the ruling was actually applied; the proper arithmetic was used. *Nickerson* v. *Allen,* 293 Mass. 136, at 138, 139. *Rathgeber* v. *Kelly,* 299 Mass. 444, at 446.

No prejudicial error appearing, the report is to be dismissed.

▬▬▬▬▬▬

No. 3089 S. C. Northern Middlesex, ss.
BARNICLE (John W. Mahaney)
v. WARD (William Doyle)
From the District Court of Natick—Bigelow, J.
Argued Dec. 29, 1941—Opinion filed Jan. 26, 1942

▬▬▬▬▬▬

JONES, P. J. (Pettingell, J., and Wilson, J.)—This is an an action of tort to recover damages for the death of a dog.

The trial judge reports the case to us in these words: "If upon the facts found the defendant was negligent as a matter of law, then judgment is to be entered for the plaintiff in the sum of forty dollars; otherwise judgment for the defendant to stand."

The question of defendant's negligence is the sole matter referred to us for decision.

The defendant was operating her automobile on the left hand side of the road at the rate of twenty miles an hour and, if this was negligence on her part as a matter of law, as we understand the report, the case should be decided for the plaintiff. G. L. (Ter. Ed.) c. 89, s. 4, provides:

"Whenever on any way . . . public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of any vehicle shall keep his vehicle to the right of the middle of the travelled part of the way, when it is safe and practicable so to do."

It therefore is perfectly right to say that so far as the operation of the automobile is concerned the defendant was guilty of no negligence and no violation of the statute. It could be found on the facts that it was not safe and practicable to so keep defendant's vehicle to the right hand side of the road, because of the action of the dog in front of her car. Upon February 1, 1937, the Town of Natick, in which the accident occurred, adopted the following traffic regulation:

"Art. 7. Upon all roadways the driver of a vehicle shall drive in the lane nearest the right side of the road when said lane is available for travel, except when overtaking another vehicle . . . ."

But there is no violation of this regulation shown here. The course of the defendant was impeded by a dog jumping back and forth in front of the defendant's car and it no doubt was impracticable for the defendant in trying to avoid this dog to stay on the right side of the road and the court could well find that the right hand lane was unavailable to the defendant, and therefore not then available for traffic.

We fail to see how the accident occurred through any fault or negligence of the defendant. Rather it would seem to have been caused by the dog that was running in front of her car.

Damages sought here for the negligent killing of a dog by the defendant is the proper basis of an action. *Baer v. Tyler*, 261 Mass. 138, 158; and, while there is no evidence that the plaintiff's dog was licensed, this alone would not prevent recovery here; if otherwise the plaintiff is entitled to recover.

Finding no prejudicial error, judgment for the defendant, as reported, is to stand. and report is dismissed.