Sullivan, J.
This is an action in tort brought by the plaintiffs, husband and wife, for injuries occasioned to the wife, Mary L. Bassett, who alleges that she was bitten by a dog who was owned or kept by the defendants. The plaintiff’s husband on motion duly made was allowed to become a party for compensatory damages.
This action is based on G. L. (Ter. Ed.) c. 140, sec. 155 as amended by the Acts of 1934, c. 320, sec. 18 which is as follows: “If any dog shall do any damage to either the body or the property of any person, the owner or keeper, or if the owner or keeper be, a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person, who, at the time such damage was sustained, was committing a trespass ór other tort, or was teasing, tormenting or abusing- such dog. ’ ’ The defendants alleged contributory negligence on the part of the plaintiffs. There was a finding for the defendants.
*109 There was evidence that Eichard Houle, an eight year old son of the other defendant, in the company of two other boys of tender years, called at the home of the plaintiffs seeking a glass of water while accompanied by a hound dog owned by Harold Houle, one of the defendants’ sons, who was eighteen years of age. After the female plaintiff gave the water to the boys, a collie dog, which was in the house at the time and in the custody of Mrs. Bassett came through the unlocked screen door of her house, pounced upon the hound and in consequence a vicious fight took place between the dogs; that Mrs. Bassett, in order to separate them, threw two pails of water which she drew from her premises, upon the fighting dogs and being unable to stop1 the fight, struck the hound dog twice on the head with the pail while she held her dog by its collar; that while in the act of striking the hound she slipped and fell, where-at the hound bit her causing the injuries alleged; there was evidence that the biting dog was cared for and kept on the premises of the defendants. A further detailed recital of the evidence is unnecessary.
Plaintiffs ’ requests numbered 10 and 18 were denied and in view of the finding of facts, the trial court likewise denied as inapplicable requests numbered 17 and 19. These pertinent requests are as follows: No. 10 That it has been shown by a fair preponderance of the evidence that the plaintiff, Mary L. Bassett, at the time that she Avas injured by the dog, was not tormenting the dog which injured her. No. 18 That, if the plaintiff, Mary L. Bassett, while upon land which was a part of the premises occupied by her, endeavored to free her own dog from the bite of the dog owned by the defendant, Harold A. Houle, (referred to hereinafter as said dog) by striking said dog with a pail, such conduct on her part does not come Avithin any of the specific conduct forbidden by the statute and the plaintiffs are *110 entitled to recover even if she acted unreasonably or even negligently in so doing. No. 17. That, if the plaintiff, Mary L. Bassett, was bitten by the dog, the plaintiffs are entitled to recover full damages against both defendants, if they jointly kept the dog, or against the defendant, Harold A. Houle, if he alone were the owner (or owner and sole keeper) of the dog, unless the plaintiff, Mary L. Bassett committed one (or more) of the specific acts described in the statute (as amended by Acts of 1934, Ch. 320 sec. 18). No. 19 That the liability of the owner or the keepers of a dog which does damage to the body of a person who, at the time such damage was sustained, was not committing a trespass or other tort, or teasing, 'tormenting or abusing such dog, is absolute, without regard to any question other than the specific conduct described in the statute.
The court found that the plaintiff was tormenting the hound when she was bitten and at the request of the plaintiff’s counsel, an additional finding was made that the plaintiff took hold of her dog’s collar and at the same time, began hitting the hound on the head with the water pail, she was tormenting said hound dog.
The report is alleged to contain all the evidence material to the issues involved.
The plaintiff in order to recover was required to show that her injuries were caused by a dog that was owned or kept by the defendants, and that at the time she was injured, she was not “committing a trespass or other tort . . . (nor) teasing, tormenting or abusing such dog,” or in other words, that, her own wrongful act did not contribute to her injury. Curran v. Burkhardt, 310 Mass. 466, 467 and eases cited. G. L. (Ter. Ed.) c. 140, sec. 155.
Plaintiff’s request No. 10 was rightly denied in that it called for the allowance of the request that was based on a question of fact which a trial court is not required to give. *111 Holton v. Denaro, 278 Mass. 261, 262. Hill v. Creditors National Clearing House, 289 Mass. 437, 441. Crowley v. Freeman, 291 Mass. 105, 106. In denying request No. 18 “That, if the plaintiff Mary L. Bassett, while upon land which was a part of the premises occupied by her, endeavored to free her own dog from the bite of the dog owned by the defendant Harold A. Houle, (referred to hereinafter as said dog) by striking said dog with a pail, such conduct on her part does not come within any of the specific conduct forbidden by the statute and the plaintiffs are entitled to recover even if she acted unreasonably or even negligently in so doing” we are of the opinion that its denial constituted prejudicial error as we do not believe that the defendant has shown the plaintiff was tormenting the dog considering the various definitions of the word “torment” as below set forth. The plaintiff was on her property defending it and there appears no evidence that she was tormenting the hound when she tried to separate the fighting dogs.
The single question to be determined is, as to whether or not the trial court was plainly wrong in finding the plaintiff was tormenting the dog that bit her. There was no dispute as to the salient facts in the case, that the plaintiff threw two pails of water on the dog and struck it on its head and while so doing slipped to the ground and was bitten. The court has found in accordance with the Statute upon which cause was instituted that she was tormenting the dog.
The case rests upon the meaning of the wurd torment. It is a Latin word, both the noun and verb implies the infliction of exquisite pain, whether bodily or mental. In present usage the verb often signifies little more than to vex or harass greatly, a weakening in which the noun has not so fully shared. Hensleigh Wedgwood’s Dictionary of English Etymology of 1878 defines torment as Torment-Torture; to twist, wrench, rack; while Stormonth’s Dictionary of Eng *112 lisia Language, 1885 defines the word to mean to put to extreme pain or anguish; to harass, to distress, to tease or vex. Often modern dictionaries which include two Oxfords, Century, Merriam-Wehsters, Winstons, Webster’s New International, Funk and Wagnalls, MacMillans, etc. seven out of ten list definitions of torment as first choice: To subject or to put to extreme pain or anguish; to inflict excruciating pain and misery upon; to subject to extreme cruelty. Eight out of ten list definitions as second choice: To cause acute physical suffering or mental anguish; to distress; to afflict or vex with great suffering or misery; pain, distress, plague. Eoget’s Thesaurus defines Physical Torment as torture, rack, flog, to convulse, agonize, etc.
There appears no evidence as to the degree to which the plaintiff inflicted punishment, if any there was, upon the dog that bit her.. The size of the pail, the material of which it was constituted, the weight thereof, the physical stature and weight of the plaintiff do not appear. With these elements lacking we are unable to determine what evidence there was that tended to prove the dog to have been tormented by showing that the two blows that it received upon its head from the hand of the plaintiff, caused it to be subject to extreme pain or cruelty, acute physical suffering, misery, rack, convulse, agony or misery. After the plaintiff struck the dog, it ran away without any cry of pain or injury.
An important factor in the matter of torment is the intent of the plaintiff in striking the dog. In our opinion “torment” includes an intent to plague or harass the victim, something which is planned or designed for the purpose of making him uncomfortable mentally or physically. In the case before us two dogs were fighting on the plaintiff’s premises and the plaintiff interfered to save her dog. How far she was justified in doing this was for the judge to decide as jury. Raymond v. Hodgkins, 161 Mass. 184, *113 185. He did not decide that question of fact except as it may be inferentially settled by his finding that the plaintiff was tormenting the dog; involved also is the question whether she was committing a trespass on the dog. Lacker v. Strauss, 226 Mass. 579, 580, 581.
Because we are of the opinion that the trial judge committed error in his additional “finding”, which we take to be a ruling of law, that what the plaintiff did was within the meaning of torment as used in the statute, and because we believe that the judge did not have in mind the law applicable to the situation and did not deal adequately with the issues involved, we consider the error prejudicial, necessitating a new trial.