*Northern District*

No. 4831

JAMES M. WELCH

v.

DORIS R. LAMB

(July 14, 1955)

*Gadsby, P. J.*    This is an action of tort in which the plaintiff seeks to recover for the value of his dog which was run over and killed by an automobile operated by the defendant, tried before (*Russell, J.*) The defendant's answer is a general denial and contributory negligence.

There was evidence and the trial judge found that the plaintiff owned a three months old Chow dog which he took for a short walk and crossed Bowers Street in the City of Medford at 2:00 p.m. The dog was not on a leash. While the plaintiff and the dog were about in the center of Bowers Street, the plaintiff saw the defendant's motor vehicle rapidly approaching. The plaintiff became confused and stepped back onto the sidewalk and called the dog, but the dog did not respond and stood at a standstill in the street. The defendant failed to see the dog and failed to slow down. The defendant's car struck and ran over the dog, and the dog died as a result of the accident. The plaintiff knew that the dog did not respond to orders.

The plaintiff duly made the following requests for rulings:

1. The evidence warrants a finding for the plaintiff.

2. The evidence does not warrant a finding for the defendant.

3. Whether the dog was licensed or unlicensed, is immaterial to the plaintiff's right to recover. *Baer v. Tyler*, 261 Mass. 138.

4. The plaintiff was not negligent by not having the dog under a leash.

5. If the Court finds that the defendant failed to stop or slow down upon approaching the plaintiff and his dog, then the defendant was negligent.

The Court allowed plaintiff's requests for rulings numbered 1, 3, and 5, and denied requests for rulings 2 and 4.

The Court further found that:

"The defendant drove her car in a negligent manner in that she failed to see the dog in the street and struck and ran over the dog. The dog died as a result of the accident and was worth $225.00 at the time he was killed."

"The plaintiff was negligent in taking a dog of this age which he knew did not respond to orders, across the street without being on a leash."

The Court found for the defendant.

The precise question presented for determination is whether or not the Court erred in the denial of the plaintiff's requests for rulings of law numbered 2 and 4.

There is no doubt that the Court was correct in his finding that the defendant was negligent in the operation of the automobile. The trial judge however, has found that the plaintiff was negligent in taking a dog of this age which he knew did not respond to orders, across the street without being on a leash. In short, the Court finds that the plaintiff was guilty of contributory negligence.

It is almost unnecessary to state that a dog is property for which an owner may seek damages

against any person negligently killing or injuring the animal. *Lacker v. Strauss*, 226 Mass. 579 at 581.

The fact that the dog was in the middle of the street was a condition and not a contributory cause of the injury. *Newcomb v. Boston Protective Dept.* 146 Mass. 596, 604; *Steele v. Burkhardt*, 104 Mass. 59; *Marble v. Ross*, 124 Mass. 44, 48.

The facts under the circumstances did not as a matter of law constitute contributory negligence on the part of the plaintiff. It would be extremely difficult to lay down a rule as to what age a dog should be before he can be permitted to go without a leash. Each case must be decided on its own facts. The case at bar is not one where a dog ran in front of a motorist so that the motorist was unable to stop his car in time to avoid injury. The dog was sitting in the middle of the street and there was no excuse for the defendant's hitting the dog.

There would seem to be no public policy involved in requiring owners of dogs to keep them on a leash unless the dogs were known to be unruly or unless they constituted a danger to the general public. It is a matter of common knowledge that dogs form an important part in our family life, especially as far as the children are concerned. We would feel reluctant to consign a dog to a "dog's life" by restraining his freedom of locomotion in seeking those things which dogs customarily enjoy.

In *Griggs v. Fleckenstein*, 14 Minn. 81, an instruction to the jury that the leading of the plaintiff's horse in the street unhitched was an act of negligence was held to be erroneous.

The burden is upon the defendant to prove that the negligent act of the plaintiff contributed to the cause of the injury. *Gregory v. Maine Central Railroad*, 317 Mass. 636.

If the plaintiff's acts merely created the condition under which the injury was received, it is proper to

permit him to recover, notwithstanding the mere negligent acts. 38 AM. Jur. §213, page 898.

We therefore are of opinion that the Court erred in the denial of the plaintiff's requests for rulings of law numbered 2 and 4, and find that the plaintiff as a matter of law was not negligent under these circumstances by not having the dog on a leash. "Where a person through his negligence injures or kills a dog he will be liable to the owner thereof although the dog is not leashed as required by statute or ordinance." Animals, 3 CJS §223, p. 1338.

The finding for the defendant is therefore reversed and as agreed by the parties, if there is to be a finding for the plaintiff, it should be in the sum of $225.00 instead of ordering a new trial.

Therefore the finding for the defendant is reversed and a finding entered for the plaintiff in the sum of $225.00.

Benjamin Alpert and Korobick, for the plaintiff.
Daniel W. Riordan, for the defendant.