## Southern Division

### FRANK C. CAMBRA
### v.
### JOSEPH LANOUE
### AND
### ROLAND GAUMONT

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Murphy, J.*, in the Fourth District Court of Plymouth. No. 10311.

*Cox, J.* This is an action of tort to recover for damages to the plaintiff's automobile which was in collision with a pony owned by the defendant Lanoue but under the care and control and management of the defendant Gaumont. There was a finding for the defendants.

It appears that the pony was kept in an area 200 ft. x 400 ft. enclosed by a "standard stock fence" with a shelter attached and a gate at one end. Part of the fence was broken away during the absence of the defendant Gaumont, just before the accident occurred. Gaumont testified that he had fed the pony

at 3:30 or 4:00 o'clock in the afternoon, gone to New Bedford and upon returning about 7:00 o'clock in the evening found an opening in the fence. He further testified that when he left, the fence was in good condition and that he had locked the gate. There was also testimony by another witness that he saw the fence after the accident and that spikes had been "pulled loose from the building, removing two to three feet of the fence's width from the building and he nailed it back."

The judge found that this was an accident; that the plaintiff was not negligent in the operation of his automobile; that the defendant Gaumont had enclosed the pony within an area by a fence in good condition; that Gaumont was not negligent in his care and custody of the pony; and that the defendant Lanoue was not negligent, exonerating him from any responsibility for the accident.

The case was reported because the plaintiff claims to be aggrieved by the denial of four of his requests for rulings as follows:

"3. The presence of a stray horse on a highway is unlawful.

6. The court is warranted in finding that the horse was the proximate cause of the damage done when *his* body struck the automobile as it stood still.

7. The absence of bars from an enclosure where an animal is kept is evidence of negligence on the part of the animal's owners.

8. The doctrine of *res ipsa loquitur* applies when an unattended animal appears on the highway and causes an accident, if the animal's habitat is usually an enclosure."

"A stray horse when upon a public highway without negligence on the part of its owner is not an outlaw nor, as against a traveller exercising a traveller's rights to use the highway, is such an animal a trespasser. The statutes dealing with pounds and impounding of certain domestic animals including horses impose no penalty upon the owner of such an animal which appears unattended on a highway, although its presence there is unlawful in the sense that it may be taken, placed in a pound and not delivered to its owner unless he pays the fees and expenses incident to its taking and impounding. G. L. (Ter. Ed.) c. 49, §§22-41. But as to travellers on the highway the mere presence there of such a stray animal is not unlawful in the sense that the right of the owner to recover for its injury or killing through the negligence of a traveller is thereby affected. In an action by the owner against a traveller for such an animal's injury or death through negligence 'the measure of the plaintiff's rights and the defendant's duties is the common rule of due care.' " *Texeira v. Sundquist,* 288 Mass. 93, 94, 95.

There was evidence to support the justice's finding that the defendants were not negligent. There was no evidence that the defendants or either of them turned the pony loose upon the highway or that either knew that the animal was there unattended. There was evidence to support a finding that the pony was reasonably enclosed but got out of the enclosure without fault of the defendants. The

case is clearly governed by *Texeira v. Sund-quist,* 288 Mass. 93.

We see no prejudicial error in the denial of the plaintiff's requests for rulings. No. 3 was rightly denied on the authority of *Texeira v. Sundquist,* 288 Mass. 93. As to No. 6 which the judge denied as inapplicable to the facts found, the record does not contain any evidence that the automobile was standing still at the time of the accident, so that the request was rightly denied for that reason. The result would not be affected if there had been such evidence. The decisive question relates to the due care or negligence of the owner or keeper of the pony. Whether the automobile was standing still at the time of the accident is inconsequential. There was no error in the denial of No. 7. There was no evidence of the absence of bars from the enclosure, but, this request was rendered inconsequential by the finding of the judge that the animal was properly enclosed. *Conde Nast Press, Inc. v. Cornhill Pub. Co.,* 255 Mass. 480, 485. It was in substance a request for a finding which the judge was not required to make and which is not reviewable. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

There was no error in the denial of No. 8. The doctrine of *res ipsa loquitur* does not apply in the case before us. " 'That applies only when the circumstances are such as to afford a reasonable inference that according to ordinary experience the accident would not have happened except for negligence of the defendant.' " At most, it is merely per-

missive. *Ginsberg v. Metropolitan Transit Authority,* 333 Mass. 514, 516.

*An order should be entered dismissing the report.*

Lipsitt & Lipsitt of New Bedford, for the Plaintiff contended:

The presence of a stray horse on a highway is unlawful. G. L. c. 49, §29.

It was not necessary to show that the pony had previously shown a propensity to run wild or that the defendant knew or should have known of such a habit. *O'Connor v. Hickey,* 260 Mass. 111.

If the custodian of the pony kept it in an enclosure so weak that it could break through the enclosure and escape to the highway, then the court must find negligence on the part of the custodian. *Leonard v. Doherty,* 174 Mass. 565.

As to an insufficient fence or enclosure, see *Lyons v. Merrick,* 105 Mass. 71, where it was said: "It was negligent to turn the animals into a lot insecurely fenced, for which the defendant is responsible if any injury ensued." "The owner or keeper of such animals, with actual or implied knowledge of their character, is bound at his peril to keep them at all times and in all places, properly secured, and is responsible to anyone who, without fault on his part, is injured by them. The liability stands wholly upon the ground of actual or presumed negligence."

See: *Marsland v. Murray,* 148 Mass. 91 on the issue of contributory negligence.

Gerald P. Walsh of New Bedford, for the Defendant.