Rider, J.

Willard NEWTON & another[1]

vs.

John HEYWOOD & another[2]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

May 7, 1980

[1]Lillian R. Newton

[2]Ben R. Mason, the owner of the animal involved in whose favor judgment was entered after trial.

Stephen Gordon for the plaintiffs.
Robert G. Larkin for the defendants.

Present: Walsh, P.J., Cimini* &
McGuane, JJ.

**WALSH, P.J.** The appeal in this matter arises from a complaint, sounding in tort, in which plaintiff Willard Newton sought to recover for property damage, and plaintiff Lillian Newton sought to recover for personal injury. Said damage and injury were sustained as a result of an accident between a vehicle owned by Willard Newton and a horse which had strayed from land owned and occupied by the defendant, John Heywood. The plaintiffs alleged that Heywood was negligent in failing to control and restrain the horse. Heywood answered by denying that he was negligent. The trial judge found in favor of both plaintiffs. ·

The evidence, as contained in the report, shows that the horse strayed from property owned by the defendant, and was in a collision on a public highway with the vehicle owned and operated by Willard Newton in which Lillian Newton was a passenger. After the accident the defendant stated that he was having trouble keeping the horses in.

Involved here are the hazards resulting from an unattended domestic animal on a public way. It is not necessary to show that the animal had vicious propensities, but there must be evidence of some violation of a legal duty. The rights of the plaintiff and the obligations of the defendant are measured by the common law rule of due care. **Saldi v. Brighton Stock Yard Co.**, 344 Mass. 89, 92 (1962).

The only issues raised in the report and argued by the defendant in his brief are whether the trial judge applied a correct principle of law, and whether the plaintiffs sustained their burden of proof.[3] Since there appears to be no allegation as to the plaintiffs' contributory negligence, the only question which arises is to the finding of negligence on the part of the defendant.

The trial judge made certain findings of fact, including the following:

"I find that on or about March 27, 1977 two horses had gone astray of the property owned and controlled by the defendant Heywood at 11:00 p.m. while the plaintiff was an occupant in a vehicle driven by her husband. There was evidence sufficient to warrant a finding that on prior occasions the defendant Heywood was having difficulty restraining horses boarded on his property from wandering onto the adjacent public highway; the distance from the area under defendant's immediate control to the location of the accident was capable of being traversed by the horses within five minutes; that the fencing surrounding the area where the animals were kept was inadequate. This evidence was uncontroverted at trial. I find that one of the horses in question, a female approximately six years of age, ran out into the road, striking the vehicle causing the loss of control for approximately 50 feet, resulting in the plaintiff, Lillian Newton, to receive head and facial injuries within

---

★The Honorable Frank W. Cimini was a member of the panel and heard arguments in this case, but retired prior to the signing of this Decision and Order.

[3]The report states that the defendant also claimed to be aggrieved by certain findings of fact made by the trial judge, but these were clearly based on evidence and are conclusive where there is evidence to support them. Scire v. Scire, 348 Mass. 768 (1965).

the vehicle. The plaintiff, Willard Newton, was operating with minimal lighting in rural Templeton and had his vehicle reasonably under control at all relevant times . . . I find that on all the evidence and all the inferences reasonably drawn from the defendant's admissions of prior escapades of his charges, that the plaintiff Lillian Newton, is entitled to recovery for her injuries, and that the plaintiff Willard Newton, is entitled to recover for property damage to his motor vehicle."

It is conceded that the separate summary of evidence contained in the report was rather limited. However, the judge's findings of fact adequately addressed and covered the issues involved. It would appear from reading the report that his findings of fact should also be treated as a summary of evidence. **Olofson v. Kilgallon**, 362 Mass. 803, 805 (1973). A finding that the defendant was negligent was warranted. There was no error.

The report is ordered dismissed.

Walsh, P.J.