Greenberg, J.
In this appeal, the defendants, Daniel Bemeche and Maria Louise Laurentano, contend that the conclusion of the trial court was not warranted in finding them negligent in allowing two horses to escape from premises controlled by them, causing injuries to the plaintiffs. The third party defendant, Stewart Johnson, owner Of one of the horses, failed to answc ■ and was found jointly negligent by the trial judge. He did not appear on this appeal.
The trial judge found, inter alia, that the plaintiff, David Coumoyer, was the owner and operator of a Massachusetts registered motor vehicle and that the plaintiff, Russell Snow, was a passenger in that vehicle on June 27, 1976; that about 12:45 to 1:00 a.m. they were traveling from Route #20, a public way near the Town of Spencer line, and had turned on route #49; that as they came to the top of a hill, a horse was standing in the middle of the lane; that as the plaintiff Coumoyer attempted to avoid collision, he swerved into the left lane where another horse was standing and his vehicle collided into the second horse, thereby causing bodily injuries to both plaintiffs.
The accident occurred at the interesection of 178 Ladd Road and Route #49 in Sturbridge, Mass. The trial judge found that this property was owned by the defendant Bemeche, but was occupied by the defendants Laurentano and Johnson. The bam, or horse shed, on the property was erected by Bemeche, Laurentano and Johnson to contain two horses. In the spring of 1976, Laurentano purchased a Morgan horse and Johnson owned a Tennessee Walker horse, it was these two horses that were kept on these premises and which were involved in the motor vehicle accident.
*122 Further findings of the trial judge indicated that the defendant Bemeche realized, or should have realized, that the keeping of the horses constituted an unreasonable risk of bodily harm to others, as he helped erect a fence insufficient to contain the animals.
At the close of the trial the defendants Laurentano and Bemeche filed four requests for rulings, all of which were denied by the trial judge. These requests, in sum, asserted that the evidence did not warrant a finding for the plaintiffs Coumoyer and Snow, because of lack of proof that the defendants Bemeche and Laurentano either owned or controlled the premises in question and asserted that the plaintiff Coumoyer was more than fifty per cent negligent and, therefore, could not recover from the defendants.
This court, in Newton vs. Heywood, 1980 Mass. App. Div. 94, a case similar in facts to this appeal, held that “(t)he rights of the plaintiff and obligations of the defendant are measured by the common law rule of due care. ” Saldi v. Brighton StockYard Company, 344 Mass. 89,92 (1962). In Newton v. Heywood, the defendant, owner and occupant of the property, had constructed a low fence resulting in a horse straying from the premises to an adjacent public way and colliding with the plaintiff. The owner of the horse was granted a directed finding, as there was no proof, other than his bailment of the animal to the owner-occupant, that he participated in the fencing process, or exercised any control over the horse’s custody. The defendant landowner was found negligent on uncon-troverted evidence at the trial of inadequate fencing.
In cases of escaped domestic animals, the measure of plaintiffs rights and the defendant’s duty is the common law rule of due care. Carrington v. Wore. Consol. St. Ry., 222 Mass. 119 (1915); O’Connor v. Hickey, 260 Mass. 110 (1927); Texeira v. Sundquist, 288 Mass. 93, 94, 95 (1934);Woodman v. Haynes, 289 Mass. 114, 116, 117 (1935).
Bemeche contends that these principles are inapplicable, because it was shown that the premises owned by him were maintained in a reasonably safe condition and that the fencing was intact after the escape. In the circumstances, however, the trial judge found that the inadequate construction of the fence allowed the escape and caused the injuries. The defendants Laurentano and Johnson, as possessors of the land and the horses, were in immediate control and are subject to liability for bodily harm to others outside the land caused by their negligent omission.
It used to be said in England under the rule requiring notice of the habits of an animal, that every dog was entitled to one worry, but it is not universally true that every horse is entitled to one “run” or “kick.” See Lyons v. Merrick, 105 Mass. 71, 76 (1870).
Unlike the situation posited in Texeira v. Sundquist, cited supra, the trial judge explicitly found that the plaintiff Coumoyer was in the exercise of total due care when the accident occurred. He found that there was no evidence that his operation was in any way impaired and that an unreasonable risk to others resulted from the insufficient fencing.
It is, therefore, ordered that the report be dismissed as to both cases.