## Margaret Ten Hopen v. Thomas Walker.

*Killing trespassing dog—Damages—Justification.*

1. Dogs have a value, and are the property of the owner, as much as any other animal which one may have or keep; citing *Heisrodt v. Hackett,* 34 Mich. 283.

2. The fact that a dog is committing a trespass at the time it is killed, and is, in the opinion of the person who kills it, about to destroy some of his property, will not justify the killing, nor in any way mitigate the actual damages which the owner of the dog is entitled to recover.[1]

3. Where the act or trespass complained of arises from willful and malicious conduct, exemplary damages are recoverable,—not as a punishment to the wrong-doer, but to compensate the injured party; citing *Wetherbee v. Green,* 22 Mich. 311.

Error to Kent. (Grove, J.) Submitted on briefs April 20, 1893. Decided June 23, 1893.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Dunham & Preston,* for appellant.

*Francis A. Stace,* for plaintiff.

Long, J. Plaintiff recovered judgment against the defendant for $225, as damages in an action on the case for the malicious killing of her dog.

It was shown on the trial that plaintiff's sons were

---

[1] See *Burnham v. Strother,* 66 Mich. 519, defining who is a "keeper" of a dog; *Newton v. Gordon,* 72 Id. 642, holding that, in an action under How. Stat. § 2119, it is not necessary to aver that the owner or keeper knew that the dog was accustomed to do damage; *Longyear v. Buck,* 83 Id. 236, holding the dog-tax law constitutional; *Hubbard v. Preston,* 90 Id. 221, holding that, under the facts of that case, the killing of a dog in the night-time, while trespassing on the premises of the defendant, was justifiable; and *Bowers v. Horen,* 93 Id. 420, holding that such killing was not justifiable under the facts of that case. See, also, *Knowles v. Mulder,* 74 Mich. 202.

walking along the highway. They were accompanied by the plaintiff's dog and two other dogs. When in front of defendant's premises, the dog of plaintiff turned into the defendant's grounds, just out of the highway, and approached a pond which was kept for lilies, apparently with intent to slake its thirst. Defendant, seeing it from the upper window of his house, went down into the lower hall, got his gun, and, returning above, shot the dog from the upper window. It is not claimed that this dog had done any damage there at that or at any other time. On the trial the court permitted the defendant to show that upon several previous occasions other dogs had wallowed in this pond, destroying some of the plants there growing, and upon one occasion the owner of the dog, when remonstrated with by defendant, had called him vile names, and otherwise insulted and abused him. There was no fence in front of the premises, and this pond lay open to the highway.

At the close of the testimony, counsel for defendant asked the court to instruct the jury:

"3. If the court shall hold that this action can be maintained upon the facts disclosed in the plaintiff's declaration, then we ask the court to charge the jury that, in order to recover in this action, the plaintiff must show to the satisfaction of the jury that the defendant was moved to kill the dog through malice, either towards the dog or towards the plaintiff herself; that this must be shown by declarations of the defendant made before or at the time, showing a wicked and malicious purpose, or such facts and circumstances as naturally and logically lead to the conclusion that the defendant was actuated by malice, by ill will, hatred, or a desire for revenge.

"4. If the jury find from the evidence that the dog was committing a trespass upon the property of the defendant, and in shooting the dog the defendant was only seeking to prevent injury to his property, then there was no malice on his part, and plaintiff cannot recover.

"5. If the jury find that the plaintiff is entitled to

recover, then, in estimating the damages, they can only find the fair market value of the dog.

"6. In examining and weighing the testimony of the witnesses as to the value of the dog, they should scrutinize it closely, and see upon what knowledge they base their opinions. Mere opinions, not based upon a knowledge of the character and qualities of the dog, are not evidence of his value. Statements of witnesses of the market value of the dog in question, or of such dogs, who have never dealt in such dogs, nor ever known personally of dealings by others, ought not to be received, except with great caution."

These instructions were refused, and the court directed the jury substantially that the plaintiff was entitled to recover actual damages, which would consist of the value of the dog at the time it was killed; and that, even if the dog was committing a trespass at the time it was killed, and, in the opinion of the defendant, was about to destroy some of his plants, it would not be a justification for the killing, or in any way mitigate actual damages, because the law affords a remedy for the destruction of property caused by the beasts of another. The court further instructed the jury that there were but two questions for them to consider: (1) The value of the dog; and (2) was there malice? Upon the last proposition the court directed the jury:

"If you find from the evidence that there was malice, and that these annoyances that I have mentioned did take place, you will consider those annoyances and those previous trespasses with a view of determining, in the first place, whether they fully rebut the claim of malice,— whether or not they afforded an excuse or cause for killing the dog, to the extent that it would take away the malice; and, if you find in the negative upon that question, you are at liberty to consider them, and ought to consider them, as mitigating damages which you would otherwise allow on account of the malice, if you find that the malice existed."

It was claimed on the part of the plaintiff that, if the jury found that the killing of the dog was willful and

malicious, the plaintiff, in addition to actual damages, was entitled to recover exemplary damages. Upon this portion of the case the court directed the jury substantially that, while actual damages could not be mitigated by the fact that defendant had theretofore been annoyed by other dogs, yet, if they found that he had been so annoyed, or that he believed at the time that the plaintiff's dog was about to destroy some of his property, they might consider whether these facts would entirely rebut malice; and if, notwithstanding those facts might be found to exist, they believed that defendant was actuated by malice, they might even then award exemplary damages, for, if the defendant willfully and maliciously did the killing, exemplary damages would be recoverable.

We see no error in the charge. The testimony tended to show that the dog was valuable. It was a " Gordon setter," eligible to registration, and some of the witnesses placed its value as high as $250. It had never, so far as this record shows, trespassed upon the defendant's premises, nor had he in any manner been annoyed by it. On the day it was shot, it ran a few feet out of the highway to the edge of this lily pond, between which and the highway there was no fence, and, immediately as it reached the pond, defendant, without any warning to the boys who had it in charge, shot and killed it. The jury, under the charge as given, may or may not have found that the dog was killed willfully and maliciously, as the amount of the verdict is less than several of the witnesses placed its value; but there certainly was evidence which would have justified the jury in finding the act willful and malicious. The dog was not running at large, contrary to law, but was in the immediate charge of its keeper. It is settled in this State that dogs have value, and are the property of the owner, as much as any other animal which one may have or keep. *Heisrodt v. Hackett*, 34 Mich. 283.

Usually, where an act is done with design, and from willful and malicious motives, the law compels full compensation, and full compensation may not be awarded by the payment of the actual value. Damages in excess of the real injury are never appropriate where the injury has proceeded from misfortune, rather than from any blamable act; but, where the act or trespass complained of arises from willful and malicious conduct, exemplary damages are recoverable. These damages are not awarded as a punishment to the wrong-doer, but to compensate the injured party. *Wetherbee v. Green*, 22 Mich. 311.

All redress in damages partakes to some extent of a punitory character, and the line between "actual" and what are called "exemplary" damages cannot be drawn with much nicety. They are properly based upon all the circumstances of the aggravation attending it. The real purpose is to compensate the plaintiff for the injuries he has suffered. *Stilson v. Gibbs*, 53 Mich. 280; *Wilson v. Bowen*, 64 Id. 133. It was said by Chief Justice COOLEY, in *Stilson v. Gibbs, supra*:

"In other cases there may be a partial estimate of damages by a money standard, but the invasion of the plaintiff's rights has been accompanied by circumstances of peculiar aggravation, which are calculated to vex and annoy the plaintiff, and cause him to suffer much beyond what he would suffer from the pecuniary loss. Here it is manifestly proper that the jury should estimate the damages with the aggravating circumstances in mind, and that they should endeavor fairly to compensate the plaintiff for the wrong he has suffered. But in all cases it is to be distinctly borne in mind that compensation to the plaintiff is the purpose in view, and any instruction which is calculated to lead them to suppose that, besides compensating the plaintiff, they may punish the defendant, is erroneous."

In the present case, the court below submitted to the jury the question whether the defendant was actuated by malice and was guilty of willful conduct in shooting the

dog. The rights of the defendant were fully protected, as all the circumstances prior to the commission of the act were permitted to be put in by the defendant, showing the annoyances he had had from other dogs, and the provoking and insolent conduct of the owners of the other dogs when remonstrated with by him. The jury found that these facts did not constitute an excuse for killing the plaintiff's dog, and, we think, very properly. ·

In cases of malicious injury, it is not necessary that there should be actual enmity towards the person injured. *Brown v. State,* 26 Ohio St. 176. In *Wright v. Clark,* 50 Vt. 130, it appeared that plaintiff's dog drove a fox upon the land of defendant's father. Defendant came up and shot the dog. On the trial he claimed that he was shooting at the fox, and accidentally shot the dog. No enmity appeared to have existed between the parties. The court charged that, if the defendant intentionally and wantonly shot the dog, they might give exemplary damages. It was held that such intentional and wanton shooting implied malice, and that the instruction given ·was correct.

Some other errors are claimed. We have examined them, and do not deem them of sufficient importance to notice, and they are overruled.

Judgment affirmed, with costs.

The other Justices concurred.