By the Court.
 

 It is conceded that the dog in question was not registered and was not listed for taxation as required by Sections 5652, 5652-2, and 5837, of the General Code. Section 5652 provides, in substance, that on or before the 1st day of January of each year every person who owns a dog shall file an application for registration, with a description of the dog, and pay a registration fee.
 

 Section 5652-2 of the General Code provides:
 

 “Every person immediately upon becoming the owner, * * * of any dog * * * during any year, shall file like applications, with fees, as required by Sections 5652 and 5652-1 for registration for the year beginning January first prior to the date of becoming the owner, * * * of such dog * * *.”
 

 Section 5837 of the General Code reads as follows:
 

 “A dog which has been listed and valued for taxation as personal property, and the tax upon such valuation and per capita tax upon such dog having been paid, if due, shall be considered as personal property and have all the rights and privileges and be subject to like lawful restraints as other live stock. A recovery shall not be had for the malicious and unlawful killing of such dog in excess of double the amount for which it is so listed.”
 

 It is in brief the contention of the plaintiff in error that under Section 5837 of the General Code a dog does not constitute personal property in this
 
 *551
 
 state unless it is listed for taxation and registered either under Section 5652 or under Section 5652-2 of the General Code, and that hence an owner of an unlisted and unregistered dog has no recovery for the wrongful killing of the animal. Apart from statutory provisions, it is generally held that an injury to or wrongful killing of a dog is such an invasion of property as amounts to a civil injury, which may he redressed by a civil action. This doctrine was recognized by this court in the case of
 
 State
 
 v.
 
 Lymus,
 
 26 Ohio St., 400, 20 Am. Rep., 772, which, while holding that dogs were not the subject of larceny, commented upon the fact that “the right of property in dogs is protected in this state by civil remedies.” This doctrine is the rule at common law, and is supported by a large number of decisions from other states. 3 Corpus Juris, 17;
 
 Louisville & Nashville Ry. Co.
 
 v.
 
 Fitzpatrick,
 
 129 Ala., 322, 29 So., 859, 87 Am. St. Rep., 64;
 
 Columbus Rd. Co.
 
 v.
 
 Woolfolk,
 
 128 Ga., 631, 58 S. E., 152, 10 L. R. A. (N. S.), 1136, 119 Am. St. Rep., 404;
 
 Parker
 
 v.
 
 Mise,
 
 27 Ala., 480, 62 Am. Dec., 776;
 
 Ten Hopen
 
 v.
 
 Walker,
 
 96 Mich., 236, 55 N. W., 657, 35 Am. St. Rep., 598;
 
 Heiligmann
 
 v.
 
 Rose,
 
 81 Tex., 222, 16 S. W., 931, 13 L. R. A., 272, 26 Am. St. Rep., 804;
 
 Johnson
 
 v.
 
 McConnell,
 
 80 Cal., 545, 22 P., 219;
 
 State
 
 v.
 
 McDuffie,
 
 34 N. H., 523, 69 Am. Dec., 516;
 
 Citizens’ Rapid Transit Co.
 
 v.
 
 Dew,
 
 100 Tenn., 317, 45 S. W., 790, 40 L. R. A., 518, 66 Am. St. Rep., 754;
 
 Lacker
 
 v.
 
 Strauss,
 
 226 Mass., 579, 116 N. E., 236, L. R. A., 1917F, 434;
 
 Smith
 
 v.
 
 St. Paul City Ry. Co.,
 
 79 Minn., 254, 82 N. W., 577;
 
 Klein
 
 v.
 
 St. Louis Transit Co.,
 
 117 Mo. App., 691, 93 S. W.,
 
 *552
 
 281;
 
 Chapman
 
 v.
 
 Decrow,
 
 93 Me., 378, 45 A., 295, 74 Am. St. Rep., 357.
 

 The plaintiff in error does not contest this doctrine, and relies entirely upon Sections 5652 and 5837 for his proposition that the owner of an unlisted and unregistered dog cannot recover for its wrongful death.
 

 The record shows in this instance that the owner of the dog had owned the animal only for three weeks prior to the killing, and that the dog was killed October 1, 1924. Under Section 5652-2 the owner was required, immediately upon becoming the owner of the dog, to file an application with fees for registration. It was possible for him to comply with this provision. Since personal property, however, is listed for taxation in Ohio in April of each year, it was impossible under our Code for this particular owner to have listed the dog for taxation prior to the time that it was shot. The plaintiff in error is therefore in the position of claiming that the defendant in error has lost his property right in an animal which is generally considered the subject of ownership, because he failed to do a thing which under the law it was impossible to do, namely, to list the dog for taxation in a month when such an act could not be done.
 

 Section 5837 of the General Code can by no construction be stretched to cover such a proposition of law. Its utmost declaration is that there can be no recovery for a listed dog in excess of twice the declared value of the dog.
 

 While we have been unable to find any decision exactly in point upon the facts in this case, it has heretofore been laid down by this court as a gen
 
 *553
 
 eral proposition that the construction of a statute depends upon its operation and effect, and not upon the form that it may be made to assume.
 
 Butzman
 
 v.
 
 Whitbeck,
 
 42 Ohio St., 223. It has also been held that it is the duty of courts, in the interpretation of statutes, unless restrained by the letter, to adopt that view which will avoid absurd consequences, injustice, or great inconvenience, as none of these can be presumed to have been within the legislative intent.
 
 Moore
 
 v.
 
 Given,
 
 39 Ohio St., 661.
 

 A statute is never to be understood as requiring an impossibility, if such a result can be avoided by any fair and reasonable construction.
 
 Fishing in the River Thames,
 
 12 Coke’s Reports, 89, 77 English Reports, Rep., 1365.
 

 We think that these decisions support the principle of the present holding.
 

 Under the facts stated in this particular record, the Court of Appeals was clearly right in affirming the judgment.
 

 Judgment affirmed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.