CARLETON *v.* THE STATE OF OHIO.

(Decided December 14, 1927.)

*Messrs. Glenn & Glenn,* for plaintiff in error.

*Mr. C. O. Turner,* prosecuting attorney, for defendant in error.

HOUCK, J. The parties here stand in an order the reverse of that held in the lower court. However, hereafter they will be referred to in the order in which they stood below, and the state will be designated as plaintiff, and Benjamin Carleton as defendant.

The defendant was indicted, tried, and convicted in the common pleas court of burglary in this, to wit:

Breaking and entering in the night season into a certain kennel, to wit, a house for dogs, of George H. Farmer, then and there carrying away a certain dog, to wit, a dog of the value of $100, the property of said George H. Farmer, etc.

The defendant was sentenced to the Ohio penitentiary to serve a term of imprisonment of not less than one year and not to exceed 15. Error is prosecuted to this court seeking a reversal of the judgment of conviction, and counsel rely only upon two grounds of claimed error, which are as follows:

First. The indictment does not state an offense in law.

Second. That a dog is not property of any value.

The indictment in this case was returned under favor of Section 12438 of the General Code of Ohio, which reads:

"Whoever in the night season maliciously and forcibly breaks and enters, or attempts to break and enter an uninhabited dwelling house, or a kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, watercraft, schoolhouse, church or meeting house, barn or stable, railroad car, car factory, station house, hall or other building, or attempts to break and enter an inhabited dwelling house with intent to steal property of any value, or with intent to commit a felony, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years."

The substantive part of the indictment reads:

"Ben Carleton, late of said county, on or about the 16th day of October, in the year of our Lord one thousand nine hundred and twenty-six, at the county of Coshocton aforesaid, in the night season

of the same day, to wit, about the hour of 10 o'clock at night in the county of Coshocton aforesaid, into a certain kennel, to wit, a house for dogs of George H. Farmer there situated, did unlawfully, maliciously, and forcibly break and enter with the intent then and there and thereby the property of the said George H. Farmer in the said kennel, to wit, a house for dogs, then and there being, unlawfully to steal, take and carry a certain dog, to wit, a dog of the value of one hundred ($100.00) dollars, the property of the said George H. Farmer in said kennel, to wit, a house for dogs, then and there being found, then and there unlawfully did steal, take and carry away," etc.

Coming now to the first error relied upon we will say that it is urged that the indictment is faulty and defective in substance, because it does not aver that defendant broke and entered a building, either by using the word "building," which is the word used in the statute, or any equivalent word. As to this claim, we are not in accord with counsel. An inspection of the language used in the indictment discloses that it is averred that Ben Carleton did unlawfully, maliciously, and forcibly break, etc., into a certain kennel, to wit, a house for dogs, etc.

While the language here used does not strictly follow the enumerated buildings, or structures, yet we are clearly of the opinion that the language used is within the intention and purpose of, and is fully covered by, the provisions of the statute. The saving phrase in the statute, "or other building," fully and completely includes and covers the designated house or building alleged to have been entered and burglarized by the defendant in this case.

Section 13581, General Code, which provides what defects in an indictment are not fatal, in the latter clause thereof, sets forth the following:

"Or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

The object or purpose of an indictment is twofold: (a) To inform the defendant of the offense with which he is charged with such particularity as will enable him to prepare for his trial; (b) To so define and identify the offense that the defendant may, if convicted or acquitted, be able to defend himself in case he be indicted again for the same offense by pleading the record of such conviction, or acquittal.

The rules just laid down are clearly in accord with the case of *State* v. *Johnson*, 64 Ohio St., 270, 271, 60 N. E., 219.

We have no doubt under these rules, and measuring the allegations and statements, as charged in the indictment, by the provisions of Section 12438, General Code, that the indictment now under review fully and completely charges the defendant with such accuracy, precision, and completeness as the law requires.

In other words, the real test as to an indictment is: Has the accused party been apprised by the indictment of the charge against him, so that he may know what he is expected to meet and will be required to answer?

We think this test is and has been substantially and fully met by the averments of the indictment. An inspection of the record shows that the undisputed evidence is that the building which was en-

tered and burglarized was a substantial one, of about 18 by 20 feet square.

As to the second claimed error, the conceded evidence is that the dog was of the value of from $50 to $150, which, we are inclined to believe, is a substantial money value.

This court is not inclined to follow the claim of counsel for the defendant that a dog is not property, or of value, and is not the subject of burglary or larceny. In our opinion, a careful reading of the case of *Hill* v. *Micham,* 116 Ohio St., 549, 157 N. E., 13, and a study of the learned opinion of the court in that case, and of the reasoning therein contained, can lead to but one conclusion, and that is that a dog is property of value and is a subject of larceny and burglary. It may be urged that the cited case is not on all fours with the case at bar, and, while that may be, yet we cannot escape the line of reasoning contained in the opinion in the cited case, and it occurs to us that, if the identical question here raised has never been fully passed upon by our Supreme Court, there is no better time or place than the present for its presentation for final determination by the highest court in our state. In making this suggestion, we have in mind the record in this case, which, if true, clearly, conclusively, and affirmatively shows that there are no extenuating circumstances in behalf of the defendant here.

Able counsel who represent the defendant make no contention that there is a failure of proof to warrant a conviction, and do not insist that the trial judge erred in any particular in his charge to the jury.

Therefore it follows that the defendant had a fair

and impartial trial, and, unless the claimed or alleged errors hereinbefore referred to and discussed are of such a character as to be prejudicially erroneous to the rights of the defendant, the judgment of the common pleas court should be affirmed.

We are of the unanimous opinion that no prejudicial error has intervened in this case, and that the verdict of the jury and the judgment of conviction entered thereon by the trial judge are predicated upon sufficient facts and governed by sound law.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.