KOESTER v VCA ANIMAL HOSPITAL

Docket No. 216563. Submitted November 16, 2000, at Detroit. Decided
        December 26, 2000, at 9:45 A.M.

   John Koester brought an action in the Wayne Circuit Court against
      VCA Animal Hospital and Marjorie Field, D.V.M., alleging negli-
      gence in the veterinary treatment of his pet dog, which died shortly
      after it was treated, and seeking damages for the emotional distress
      and loss of companionship he suffered as a result of the dog's
      death. The court, Marianne O. Battani, J., granted summary disposi-
      tion for the defendants, ruling that the plaintiff had failed to state a
      claim on which relief can be granted. The plaintiff appealed.

      The Court of Appeals *held*:

      Pets have long been considered personal property in Michigan
      jurisprudence. There is no Michigan precedent that permits the
      recovery of damages for emotional injuries allegedly suffered as a
      consequence of property damage. The plaintiff's complaint failed to
      plead legally cognizable damages and was therefore properly dis-
      missed by the trial court.

      Affirmed.

DAMAGES — DEATH OF PETS —EMOTIONAL DISTRESS OF OWNERS.

      Damages for emotional distress and loss of companionship resulting
      from the death of a pet do not exist in Michigan; under Michigan
      law, pets are considered personal property and damages for emo-
      tional injuries suffered as a consequence of property damage are
      not allowed.

*Steven H. Wilen*, for the plaintiff.

*Law Offices of Rice, Galin & Traurig* (by *Michael Ritenour*), for the defendants.

Amicus Curiae:

*Barbara H. Goldman*, for Animal Law Section, State Bar of Michigan.

Before: CAVANAGH, P.J., and TALBOT and METER, JJ.

CAVANAGH, P.J. Plaintiff, John Koester, appeals as of right from the circuit court order granting defendants, VCA Animal Hospital and Marjorie Field, D.V.M., summary disposition, pursuant to MCR 2.116(C)(8), of his negligence claim involving the care and treatment rendered by defendants to his pet dog. We affirm.

Plaintiff left his dog at defendant VCA's kennel for a weekend. Plaintiff left explicit instructions not to use a collar on the dog because of a salivary gland problem for which VCA had previously treated the pet. Upon returning for the dog, plaintiff noticed that the dog's neck area was swollen. Within a few days, when the dog continued to exhibit swelling in the neck area, plaintiff returned to defendant VCA. Defendant Field, a veterinarian, treated the dog by draining its enlarged gland and bandaging its neck and head. When plaintiff returned to pick up his dog after the procedure, he noticed that the dog appeared to have trouble breathing and asked defendant Field whether the bandages were too tight. Field responded that the dog would be fine once it calmed down. Later that same day, plaintiff left the dog alone for ten to fifteen minutes to run an errand. When plaintiff returned home, he discovered the dog laying motionless on the floor, having apparently choked to death. An autopsy determined that the dog suffocated to death because the bandages were wrapped too tightly.

Plaintiff brought the instant negligence action pleading damages that included plaintiff's pain and suffering, extreme fright, shock, mortification, and the loss of the companionship of his dog. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), for failure to state a claim on which relief

can be granted, arguing that plaintiff was not entitled to the damages pleaded as a matter of law. The trial court agreed, holding that emotional damages for the loss of a dog do not exist.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. This Court reviews de novo a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(8) to determine whether the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. All factual allegations supporting the claim, and any reasonable inferences that can be drawn from the facts, are accepted as true. *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998).

On appeal, plaintiff alleges that the trial court erred in summarily disposing of his negligence claim. Plaintiff primarily argues that companion animals should not be considered merely personal property. In support of his argument, plaintiff offers the alleged practice of other jurisdictions that have acknowledged the value of companion animals by awarding damages for emotional distress associated with the loss of a pet. Although we recognize that domesticated pets have value and sentimentality associated with them which may not compare with that of other personal property, we cannot agree with plaintiff.

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach of its duty was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *Spikes v*

*Banks*, 231 Mich App 341, 355; 586 NW2d 106 (1998). In this matter, plaintiff pleaded damages of emotional distress and loss of companionship of his dog. Pets have long been considered personal property in Michigan jurisprudence. See *Ten Hopen v Walker*, 96 Mich 236, 239; 55 NW 657 (1893). Consequently, the issue before this Court is whether plaintiff can properly plead and recover for emotional injuries he allegedly suffered as a consequence of his property being damaged by defendants' negligence.

There is no Michigan precedent that permits the recovery of damages for emotional injuries allegedly suffered as a consequence of property damage. Plaintiff requests that we allow such recovery when a pet is the property that is damaged, arguing that pets have evolved in our modern society to a status that is not consistent with their characterization as "chattel." In essence, plaintiff requests that we create for pet owners an independent cause of action for loss of companionship when a pet is negligently injured by a veterinarian. Although this Court is sympathetic to plaintiff's position, we defer to the Legislature to create such a remedy.

There are several factors that must be considered before expanding or creating tort liability, including, but not limited to, legislative and judicial policies. In this case, there is no statutory, judicial, or other persuasive authority that compels or permits this Court to take the drastic action proposed by plaintiff. Case law on this issue from sister states is not consistent, persuasive, or sufficient precedent. We refuse to create a remedy where there is no legal structure in which to give it support. However, plaintiff and others are free to urge the Legislature to visit this

issue in light of public policy considerations, including societal sentiment and treatment of pets, and the prospect of public perception that Michigan law does not provide a just and fair remedy to pet owners who pay veterinarians to perform specialized services for their pets with the legitimate expectation that their pets will receive the appropriate treatment, but instead suffer when their pets are further or fatally injured because of a veterinarian's negligence.

We decline to allow the recovery of emotional distress damages arising from negligence committed in the care of plaintiff's pet; therefore, plaintiff's complaint failed to plead legally cognizable damages and was properly dismissed by the trial court. MCR 2.116(C)(8); see also *Smith, supra.*

Affirmed.