BERNHARDT v INGHAM REGIONAL MEDICAL CENTER

Docket No. 226124. Submitted December 6, 2001, at Lansing. Decided January 18, 2002, at 9:05 A.M. Leave to appeal sought.

Lisa C. Bernhardt brought an action in the Ingham Circuit Court against Ingham Regional Medical Center and Guardsmark Security, Inc., seeking damages as the result of the defendants' failure to return to the plaintiff an 1897 diamond ring and a 1980 Seiko watch. The plaintiff had inadvertently left the ring and the watch beside a washbasin while she was visiting the defendant hospital. When the plaintiff failed to keep an appointment to pick up the items, the hospital informed her that the items had been sent to the hospital's security department, which was run by defendant Guardsmark, and that she should contact that department to claim the items. The plaintiff alleged that when she tried to make arrangements for the return of the items, she was advised by the security department that the jewelry could not be located. The plaintiff's complaint alleged conversion, breach of bailment, intentional infliction of emotional distress, negligence, and replevin. The plaintiff alleged that the items had great sentimental value and that her damages exceeded $25,000. The defendants moved for summary disposition on the basis that because the proper measure of damages for lost property is the fair market value and because it was acknowledged that the appraised value of each item did not exceed $300, the plaintiff had failed to allege sufficient facts or present documentary evidence to establish that her claim exceeded the $25,000 statutory minimum required for the circuit court to exercise jurisdiction. The court, William E. Collette, J. granted summary disposition for the defendants. The plaintiff appealed, arguing that the claim alleging intentional infliction of emotional distress was sufficient to bring the matter within the jurisdictional minimum of the circuit court and that the measure of damages for conversion of personal property that has sentimental value is not the market value of the property, but rather the special or peculiar value of the property to the owner.

The Court of Appeals held:

1. To establish a claim of intentional infliction of emotional distress, a plaintiff must show extreme and outrageous conduct, intent

or recklessness, causation, and severe emotional distress. Liability for intentional infliction of emotional distress can be found only where the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. The inability of the security department to locate the items does not demonstrate that the defendants acted in an extreme and outrageous manner. Accordingly, the plaintiff did not present sufficient facts to support a finding of damages under her claim of intentional infliction of emotional distress.

2. There is no Michigan authority that permits recovery of damages for emotional injuries allegedly suffered as a consequence of property damage.

3. The Supreme Court and the Court of Appeals have held that the measure of damages for the conversion of personal property is the value of the property at the time of the conversion, "in the absence of any testimony establishing a peculiar value in the goods to the owner." What constitutes "peculiar value" and when that measure of damages should be applied was not specifically addressed. However, it has been held that the appropriate measure of damages for the conversion of personal property is the regular market value, unless the property has no market value, in which case the value to the owner may be used as long as that value is susceptible of pecuniary measurement that is not fanciful or merely speculative. The sentimental value of an article of personal property should not be included in the measure of damages for the conversion of personal property where the article has an ascertainable market value. Accordingly, because the plaintiff's articles have an ascertainable market value, there is no need to resort to an alternative measure of damages.

Affirmed.

1. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

A plaintiff seeking to establish a claim of intentional infliction of emotional distress must show extreme and outrageous conduct, intent or recklessness, causation, and severe emotional distress; liability for intentional infliction of emotional distress can be found only where the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

2. DAMAGES — PERSONAL PROPERTY — EMOTIONAL INJURIES.

Damages cannot be recovered for emotional injuries allegedly suffered as a consequence of property damage.

3. Conversion — Damages — Market Value — Peculiar Value.
   The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, in the absence of any testimony establishing a peculiar value in the goods to the owner; the peculiar value of goods to the owner should be used as the measure of damages for the conversion of the goods only where the goods have no ascertainable regular market value.

*Hooper, Hathaway, Price, Beuche & Wallace* (by *Anthony P. Patti* and *Kevin E. Sralla*), for the plaintiff.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendants.

Before: BANDSTRA, P.J., and FITZGERALD and GAGE, JJ.

PER CURIAM. Plaintiff appeals as of right the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction. We affirm.

According to plaintiff's first amended complaint, she visited defendant Ingham Regional Medical Center (the hospital) on August 7, 1997, to bring home her adopted newborn son. Before visiting the baby, she removed her jewelry while scrubbing her hands and arms. Plaintiff left the jewelry at the washbasin and forgot to retrieve it before returning home. The jewelry consisted of an 1897 diamond ring and a 1980 Seiko watch. Plaintiff alleged that the jewelry was of great sentimental value because (1) the ring was her grandmother's wedding ring that plaintiff also used as her own wedding ring and was therefore an heirloom and (2) the watch was purchased around the time of her brother's murder.

Plaintiff alleged that she contacted the hospital after realizing that she had left the jewelry. The hospi-

tal indicated that the jewelry was in its possession. Plaintiff attached as an appendix to her complaint a copy of a September 7, 1997, letter she received from the hospital indicating that the ring and watch were forwarded to the hospital's security department and that she should contact that department to claim the items. According to plaintiff, when she tried to make arrangements for return of the jewelry she was advised that the jewelry could not be located.

On August 6, 1999, plaintiff filed a complaint against the hospital and Guardsmark Security, Inc., alleging counts of conversion, breach of bailment, and intentional infliction of emotional distress. In the alternative, plaintiff also alleged counts of negligence and replevin. Plaintiff alleged that her damages exceeded $25,000 exclusive of interest and costs.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(4), arguing that the proper measure of damages for the lost property is fair market value. Defendants argued that the law does not provide compensation for the sentimental value of property and, therefore, because plaintiff's counsel acknowledged that the appraised value of each item did not exceed $300, plaintiff failed to allege sufficient facts or to present documentary evidence to establish that her claim exceeded the $25,000 statutory jurisdictional minimum of the circuit court. Plaintiff disagreed, arguing that the two items of jewelry have great sentimental value beyond the normal market value of the items.

Following a hearing on defendants' motion, the trial court concluded that plaintiff's damages were insufficient to invoke the jurisdiction of the circuit court.

I. EMOTIONAL DISTRESS

Plaintiff first argues that her claim of intentional infliction of emotional distress, standing alone, brought the instant case within the jurisdictional scope of the circuit court and raised a question of fact to be decided by the jury. To establish a claim of intentional infliction of emotional distress, the plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Graham v Ford*, 237 Mich App 670, 674; 604 NW2d 713 (1999). In *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 602-603; 374 NW2d 905 (1985), the Court quoted with approval "an oft-quoted Restatement comment," 1 Restatement Torts, 2d, § 46, comment d, pp 72-73, that summarizes the prevailing view of what constitutes "extreme and outrageous" conduct:

"The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.' "

Here, the hospital's conduct can not be characterized by any reasonable person as extreme and outra-

geous. The hospital found and retrieved plaintiff's jewelry. Upon being informed that the jewelry belonged to plaintiff, the hospital declined plaintiff's invitation to place the items in the mail and instead scheduled an appointment for plaintiff to pick up the jewelry. When plaintiff failed to show up for the appointment, the hospital turned the jewelry over to the security department and advised plaintiff that she could contact the security department to retrieve her items. The inability of the security department to locate the items does not demonstrate that defendants acted in an "extreme and outrageous" manner. Because plaintiff failed to present sufficient facts to support this claim, no damages can be attributed to this claim.

Plaintiff claims, however, that her claims of emotional distress in connection with her tort claims of conversion and negligence are sufficient to bring this case within the jurisdiction of the circuit court. We disagree. There is no Michigan precedent that permits the recovery of damages for emotional injuries allegedly suffered as a consequence of property damage.[1] *Koester v VCA Animal Hosp*, 244 Mich App 173, 176; 624 NW2d 209 (2000).[2]

---

[1] Additionally, plaintiff did not allege emotional distress damages in connection with her claim for conversion or negligence.

[2] Damages for emotional distress in tort actions are available only when a definite and objective physical injury is produced as a result of emotional distress proximately caused by a defendant's negligent conduct. *Daley v LaCroix*, 384 Mich 4, 12-13; 179 NW2d 390 (1970). Here, plaintiff did not allege any definite or objective physical injuries as a result of the loss of her jewelry.

## II. SENTIMENTAL VALUE

With regard to the conversion claim, plaintiff argues that the body of law regarding an action for conversion recognizes the "peculiar" or "special" value of converted property as the proper measure of assessing damages where the greater value of the property is in sentiment and not market value. In support of this argument, plaintiff cites *Willis v Ed Hudson Towing, Inc*, 109 Mich App 344, 349; 311 NW2d 776 (1981), in which this Court stated:

> The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, in the absence of any testimony establishing a peculiar value in the goods to the owner.

In making this statement, the Court cited *Hudson v Enichen*, 308 Mich 79, 85; 13 NW2d 215 (1944). In neither case did the Court address the issue of "peculiar value." Plaintiff suggests that the term "peculiar value" encompasses the sentimental value of an heirloom. In *Rose v Lewis*, 10 Mich 483 (1862), the Court stated:

> It is undoubtedly true that damages for the conversion of articles having a regular market value are measured generally by that value. But that is only because such a measure furnishes the precise redress which the law always aims at giving, by making good as near as may be the injury which the aggrieved party has sustained. Where articles have not a standard or market value, then their value to the owner, so far as they are susceptible of pecuniary measurement which is not fanciful or merely speculative, furnishes the true test.

See also *Larson v Van Horn*, 110 Mich App 369, 385; 313 NW2d 288 (1981) (the proper measure of dam-

ages in an action for conversion is the fair market value of the item converted at the time of the conversion). However, in the case of family pictures or heirlooms of special value to the plaintiff that cannot be replaced and do not have a market value, the measure of damages may include the value to the owner. See, e.g., *Iler v Baker*, 82 Mich 226, 233; 46 NW 377 (1890). 4 Restatement Torts, 2d, § 911, comment e, pp 474-475, provides:

> If the subject matter cannot be replaced, however, as in the case of a destroyed or lost family portrait, the owner will be compensated for its special value to him, as evidenced by the original cost, and the quality and condition at the time of the loss. . . . In these cases, however, damages cannot be based on sentimental value. Compensatory damages are not given for emotional distress caused merely by the loss of the things, except that in unusual circumstances damages may be awarded for humiliation caused by deprivation, as when one is deprived of essential elements of clothing.

In the present case, the two items of jewelry have a market value that can easily be ascertained. Hence, fair market value is the measure of damages. Because the items have a fair market value, there is no need to resort to an alternative measure of damages to compensate plaintiff for her loss.

Affirmed.

GAGE, J. I concur in the result only.