*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSS LEVAY,

Plaintiff-Appellant,

v

BAY ANIMAL HOSPITAL, HANNA
VECSERNEYES, BRUCE W. FRANCKE, and
STEVE P. VANOCHTEN,

Defendants-Appellees.

UNPUBLISHED
March 23, 2023

No. 360436
Bay Circuit Court
LC No. 21-003585-NM

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

In this veterinary malpractice case, plaintiff appeals by right the circuit court's order partially granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) and transferring the case to the district court.[1]  We affirm.

---

[1] Defendants argue that the circuit court order appealed from is not a final judgment or final order as defined by MCR 7.202(6)(a).  Defendants ask that this Court treat plaintiff's claim of appeal "as an appeal by leave pursuant to MCR 7.203(B) and, upon due consideration, deny the appeal."  We reject defendants' jurisdictional challenge.  In *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 151-152; 742 NW2d 409 (2007) the circuit court entered an order granting summary disposition in favor of the defendants, holding that certain claims were dismissed and the remaining claims were reserved for arbitration.  This Court rejected the defendants' argument that this circuit court order was not a final order under MCR 7.202(6)(a)(*i*), concluding that the order was appealable of right "because there was nothing left for the trial court to decide and it did not state that it was retaining jurisdiction."  *Id.* at 148 n 1.  Similarly, in reliance on *Rooyakker*, this Court held in *Attorney General v Blue Cross Blue Shield of Michigan*, 291 Mich App 64, 76; 810 NW2d 603 (2010) that a trial court decision to refer a count in the complaint in that case to the Commissioner of the Office of Financial and Insurance Regulation constituted a final "disposition" of that claim for purposes of MCR 7.202(6)(a)(*i*).  It is inherent in these holdings that a claim in a

## I. BACKGROUND

Plaintiff brought his approximately one-year-old cat, Kaiser, to the veterinarian defendants because the cat was not eating. Defendants administered prescription fluids, but plaintiff alleges that they administered 220% of the volume that was safe for an animal of Kaiser's size. Shortly thereafter, Kaiser died, and plaintiff sued defendants for various causes of action including wrongful death, veterinary malpractice, and intentional infliction of emotional distress. Plaintiff also sought punitive/exemplary damages. The circuit court granted summary disposition in favor of defendants as it related to any claims for noneconomic damages, reasoning that Michigan law does not allow or recognize such damages for injury to an animal or pet. The dismissal of those claims brought the amount in controversy below $25,000, so the case was transferred to the district court, where the circuit court stated plaintiff may have a claim for the market value of the cat and any money paid to defendants if he could show that the cat's death was due to defendants' negligence. This appeal followed.

## II. DISCUSSION

Plaintiff argues that he is entitled to recover damages for the emotional distress he endured as a result of his cat's untimely wrongful death. This argument is foreclosed by binding caselaw.

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion for summary disposition under MCR 2.116(C)(8) tests a complaint's legal sufficiency. *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 623; 971 NW2d 716 (2021). "A motion for summary disposition under MCR 2.116(C)(8) is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery." *Id*. When considering a motion made under this rule, this Court accepts "all well-pleaded factual allegations as true to determine the legal sufficiency of the complaint." *Farish v Dep't of Talent and Economic Dev*, 336 Mich App 433, 439 n 3; 971 NW2d 1 (2021).

In Michigan, the seminal case concerning the availability of noneconomic damages for loss of companionship arising from the injury or death of a pet is *Koester v VCA Animal Hosp*, 244 Mich App 173; 624 NW2d 209 (2000). In *Koester*, the plaintiff's dog died as a result of the veterinarian defendants' negligence, and the plaintiff sought damages for "pain and suffering, extreme fright, shock, mortification, and the loss of the companionship of his dog." *Id*. at 174. The trial court

---

circuit court case is disposed of for purposes of MCR 7.202(6)(a)(*i*) if the circuit court disposes of that claim for purposes of the circuit court case by referring the claim to a decisionmaker other than the circuit court for resolution. Thus, contrary to defendants' position, the circuit court order that granted summary disposition as to plaintiff's claim for noneconomic loss and transferred this case to the district court for consideration of any claims for economic damages constituted a final order under MCR 7.202(6)(a)(*i*). Accordingly, that order is appealable of right to this Court. MCR 7.203(A)(1). Even if we did not have jurisdiction to hear this appeal as of right, we would exercise our right to consider the appeal as on leave granted. *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61; 807 NW2d 354 (2011).

granted summary disposition in favor of the defendants pursuant to MCR 2.116(C)(8) because emotional damages could not be recovered for the loss of a dog, and the plaintiff appealed. *Id.* at 174-175. On appeal, the plaintiff argued "that companion animals should not be considered merely personal property." *Id.* at 175. This Court rejected the plaintiff's position:

> There is no Michigan precedent that permits the recovery of damages for emotional injuries allegedly suffered as a consequence of property damage. Plaintiff requests that we allow such recovery when a pet is the property that is damaged, arguing that pets have evolved in our modern society to a status that is not consistent with their characterization as "chattel." In essence, plaintiff requests that we create for pet owners an independent cause of action for loss of companionship when a pet is negligently injured by a veterinarian. Although this Court is sympathetic to plaintiff's position, we defer to the Legislature to create such a remedy. [*Id.* at 176.]

Accordingly, the trial court's decision to dismiss the plaintiff's claim was affirmed. *Id.* at 177.

This case is indistinguishable from *Koester*, and therefore, *Koester* dictates that the trial court's decision must be affirmed.[2] Plaintiff argues that we should overrule *Koester*; however, we are bound by published opinions of this Court that were issued after November 1, 1990. MCR 7.215(C)(2), (J)(1). Further, we decline to declare a conflict pursuant to MCR 7.215(J)(3) because, as discussed in *Koester*, 244 Mich App at 176, there is no precedent in Michigan for allowing the recovery of emotional damages in connection with the injury or death of a pet. We continue to "defer to the Legislature to create such a remedy." *Id.*

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[2] Plaintiff makes numerous arguments in his appellate brief as to why he should be entitled to noneconomic damages for the death of his cat even though he acknowledged in his complaint that both legislation and case law recognize animals solely as chattel. Some of his arguments include that the Court should abolish the doctrine of stare decisis and replace it with a "reasonableness standard," that he had a right to have his case decided by a jury rather than the circuit court, that juries are necessary to mitigate psychopathy in law and jurisprudence, and that "unchecked" "systematic ponerism" indicates societal collapse on a global scale. This Court need not address these arguments as an "appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted). Further, stare decisis is firmly rooted in our Supreme Court precedent as well as our court rules, and we are bound by *Koester*.